# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRANSHORN, LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>                                    Defendants. | Civil Action No. 04 CV 01178 (TPG) (e-filed)<br><br>**AFFIDAVIT OF FRED TAYLOR ISQUITH IN SUPPORT OF JOINT MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM LEAD CLASS COUNSEL** |
| 1775 HOUSING ASSOCIATES, On Behalf of Itself and All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>                                    Defendants. | Civil Action No. 04 CV 02785 (MGC) |

(Additional Case Captions are on Following Pages)

Dockets.Justia.com

| | |
|---|---|
| TRIANGLE HOUSING ASSOCIATES, L.P., On Behalf of Itself and All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>                                        Defendants. | Civil Action No. 04 CV 02786 (RO) |
| ROCHDALE VILLAGE, INC., On Behalf of Itself and All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>                                        Defendants. | Civil Action No. 04 CV 03225 (TPG) (e-filed) |

(Additional Case Captions are on Following Page)

2

| | |
|---|---|
| BRIMINGHAM BUILDING TRADES TOWERS, INC., On Behalf of Itself and All Others Similarly Situated, | Civil Action No. 04 CV 03229 (TPG) (e-filed) |
| Plaintiff, | |
| -vs.- | |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | |
| Defendants. | |
| RIVERBAY CORPORATION, On Behalf of Itself and All Others Similarly Situated, | Civil Action No. 04 CV 03308 (TPG) (e-filed) |
| Plaintiff, | |
| -vs.- | |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | |
| Defendants. | |

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF NEW YORK   )

       FRED TAYLOR ISQUITH, being duly sworn, states:

3

1. I am a member of the Bar of this Court and the State of New York, and of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"). I make this affidavit in support of the joint motion of plaintiff 1775 Housing Associates in civil action number 04 CV 02785 (MCG), plaintiff Triangle Housing Associates, L.P. in civil action number 04 CV 02786 (RO), plaintiff Rochdale Village, Inc. in civil action number 04 CV 03225 (TPG), and plaintiff Riverbay Corp. in civil action number 04 CV 00308 (TPG), for consolidation of each of the related antitrust class pending in this Court listed in the caption, together with any subsequent related cases filed in or removed or transferred to this Court, and for appointment of Wolf Haldenstein as interim lead class counsel for the plaintiffs in the consolidated actions.

2. Attached as Exhibit 1 is a true and correct copy of the complaint in the first-captioned action, *Transhorn Ltd. v. United Technologies Corp., et al.*, No. 04 CV 01178 (TPG).

3. Attached as Exhibit 2 is a true and correct copy of the complaint in the second-captioned action, *1775 Housing Associates v. United Technologies Corp., et al.*, No. 04 CV 02785 (MGC).

4. Attached as Exhibit 3 is a true and correct copy of the complaint in the third-captioned action, *Triangle Housing Associates, L.P. v. United Technologies Corp., et al.*, No. 04 CV 02786 (RO).

5. Attached as Exhibit 4 is a true and correct copy of the complaint in the fourth-captioned action, *Rochdale Village, Inc. v. United Technologies Corp., et al.*, No. 04 CV 03225 (TPG).

6. Attached as Exhibit 5 is a true and correct copy of the complaint in the sixth-captioned action, *Riverbay Corporation v. United Technologies Corp., et al.*, No. 04 CV 03 (TPG).

7. Attached as Exhibit 6 is a copy of the docket sheet for the fifth-captioned action, *Brimingham Buildings Trades Towers, Inc. v. United Technologies Corp., et al.*, No. 04 CV 03229. A copy of the complaint in this case is not yet available in the Clerk's office.

8. Attached hereto as Exhibit 7 is a description of Wolf Haldenstein's litigation department, which describes the firm's long and extensive experience and expertise in litigating complex class actions, including large consolidated antitrust class actions.

9. In addition to our class action practice, Wolf Haldenstein has extensive experience representing the boards of housing cooperatives, large apartment complexes and condominium associations. The head of our 14-lawyer Real Estate Department, Stuart Saft, has written and lectured extensively on the problems and operations of cooperative and condominium buildings in New York and is Chairman of the Council of New York Cooperatives and Condominiums and the recently elected Chairman of the Board of the National Cooperative Bank. Mr. Saft also was a member of the New York State Attorney General's Task Force on Condominium Issues, a co-author of New York State's Condominium Financing Legislation, a member of the committee that pressed the State Assembly for the establishment of a Special Part in Housing Court for Cooperatives and Condominiums, and is the author of numerous books and articles on real estate.

10. The firm presently represents over 300 Boards of cooperative and condominium buildings located throughout New York City, including many of the largest residential complexes in New York City, some of which have more than one hundred elevators

potentially at issue in these cases and have expended hundreds of thousands to millions of dollars on purchases of elevators and elevator repair services for their buildings.

11. Wolf Haldenstein is well-positioned to lead the prosecution of these class actions. The firm has already devoted considerable attorney time and resources into investigating these cases and will continue to do so until these matters are resolved. Wolf Haldenstein is counsel of record in four of the actions, representing possibly the largest residential apartment complexes in the United States. The firm has considerable experience handling antitrust class actions and will fairly and adequately represent the proposed Class. Wolf Haldenstein is recognized nationwide as one of the Country's premier class actions firms and is in a position to dedicate substantial resources to representing the Class. Furthermore, Wolf Haldenstein has particular expertise with respect to the representation of large residential cooperatives, condominium and other apartment complexes and commercial buildings that maintain many of the elevators at issue in these cases.

12. Accordingly, I respectfully submit that appointment of Wolf Haldenstein as Interim Lead Class Counsel is appropriate. If appointed Interim Lead Class Counsel, the firm will responsibly lead the prosecution and resolution of all claims asserted, or which may be asserted, in these related cases and each future related action that may be filed in or transferred or removed to this Court.

13. I respectfully submit that maximum efficiency and utility will be achieved in these cases if the Court orders that Interim Lead Class Counsel be charged with performing the following specific duties, as other courts have done in other similar contexts, *cf. Manual for Complex Litigation (4th ed.)* (Federal Judicial Center 2004) at § 40.22:

    (a)  to direct, and execute on behalf of plaintiffs, all pleadings and other filings with the Court;

    (b)  to direct the briefing and argument of all motions;

    (c)  to direct the conduct of discovery proceedings including, among other things, the scheduling and examination of witnesses in depositions;

    (d)  to direct the selection of counsel to act as spokespersons with the Court;

    (e)  to accept service of papers for all plaintiffs with respect to any document served by defendants;

    (f)  to call meetings of plaintiffs as they deem necessary and appropriate from time to time and to distribute to all plaintiffs copies of motions, orders, and decisions of the Court, where appropriate, and to maintain up-to-date service lists, to be made available to the Court;

    (g)  to direct and conduct all settlement negotiations;

    (h)  to direct and conduct all pretrial proceedings, trial preparation, trials and post-trial proceedings, and delegate work responsibilities to selected counsel as may be required;

    (i)  to collect time records from plaintiffs' counsel; and

    (j)  to supervise any other matters concerning the prosecution or resolution of the above-captioned litigation and otherwise manage the prosecution of any claims asserted in the Elevator Antitrust Litigation.

                                _____/s/_____
                                   Fred Taylor Isquith

Sworn to before me this
3rd day of May, 2004

_____/s/_____
  Notary Public                                  360722