## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRANSHORN, LTD., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>Defendants. | Civil Action No. 04 CV 01178 (TPG) (e-filed)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM LEAD CLASS COUNSEL** |
| 1775 HOUSING ASSOCIATES, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>Defendants. | Civil Action No. 04 CV 02785 (MGC) |

(Additional Case Captions are on Following Pages)

| | |
|---|---|
| TRIANGLE HOUSING ASSOCIATES, L.P., On Behalf of Itself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      -vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>          Defendants. | Civil Action No. 04 CV 02786 (RO) |
| ROCHDALE VILLAGE, INC., On Behalf of Itself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      -vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>          Defendants. | Civil Action No. 04 CV 03225 (TPG) (e-filed) |

(Additional Case Captions are on Following Page)

| | |
|---|---|
| BRIMINGHAM BUILDING TRADES TOWERS, INC., On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>Defendants. | Civil Action No. 04 CV 03229 (TPG) (e-filed) |
| RIVERBAY CORPORATION, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP.,<br><br>Defendants. | Civil Action No. 04 CV 03308 (TPG) (e-filed) |

**Preliminary Statement**

Plaintiff 1775 Housing Associates in civil action number 04 CV 02785 (MCG), plaintiff Triangle Housing Associates, L.P. in civil action number 04 CV 02786 (RO), plaintiff

Rochdale Village, Inc. in civil action number 04 CV 03225 (TPG), and plaintiff Riverbay Corp. in civil action number 04 CV 03308 (TPG) ("Plaintiffs"), on behalf of themselves and all others similarly situated (the putative "Class Members"), submit this memorandum of law in support of their joint motion for (1) consolidation of the related antitrust actions pending in this Court listed in the captions together with any subsequent related cases filed in or removed or transferred to this Court, and for (2) appointment of Wolf Haldenstein Adler Freeman and Herz LLP ("Wolf Haldenstein") as interim lead class counsel for the plaintiffs in the consolidated actions.

      Each of the six currently pending cases that Plaintiffs seek consolidated arises out of an alleged antitrust conspiracy among the same eight defendants – United Technologies Corporation, Otis Elevator Co., Kone Corporation, Kone Inc., Schindler Holding Ltd., Schindler Elevator Corp., ThyssenKrupp AG and Thyssen Elevator Capital Corp. – and their unnamed co-conspirators. Each complaint alleges a conspiracy to fix prices and rig bids for sales and service of elevators and escalators both in the United States and abroad. In each complaint, the Plaintiff, on behalf of itself and a class of similarly situated victims of the conspiracy, alleges that it has paid higher prices for elevators and elevator repair services than they would have but for the conspiracy. Each action is brought pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and makes virtually identical factual allegations, legal claims and requests for relief. Copies of the complaints in the five of the six actions appear, in their order of filing, as Exhibits 1 through 5 to the accompanying affidavit of Fred Taylor Isquith ("Isquith Aff."), and the docket sheet for the sixth case appears as Exhibit 6 thereto.

      Movants are the corporate owners/managers of large housing cooperatives or large apartment buildings located in New York City. Plaintiff Riverbay Corporation in case No. 04 CV 03308 (TPG) is a New York corporation and owner/manager of Co-Op City, a housing

4

cooperative with over 15,000 residential units and more than 150 elevators in 35 high rise towers in the Bronx. (*Id.*, Exh. 5, ¶ 5)  Plaintiff Rochdale Village, Inc. in case No. 04 CV 03225 (TPG) is a New York corporation and manager/owner of a housing cooperative with over 5,000 residential units and 121 elevators located in Jamaica, Queens.  (Isquith Aff., Exh. 4, ¶ 5) Plaintiff 1775 Housing Associates in case No. 04 CV 02785 (MGC) is a New York corporation, headquartered in Manhattan, which owns apartment buildings located at 107-129 East 126th Street, New York, New York. (*Id.,* Exh. 2, ¶ 5)  Plaintiff Triangle Housing Associates, L.P. in case No. 04 CV 02786 (RO) is a New York corporation, headquartered in Manhattan, which owns apartment buildings located at 112-128 East 128th Street, New York, New York. (*Id.,* Exh. 3, ¶ 5)  The plaintiff in the first filed case sought to be consolidated with the above cases, Transhorn, Ltd., is alleged to be an English corporation. (*Id.*, Exh. 1, ¶ 5).  The precise nature of the Plaintiff in the sixth case, Brimingham Building Trades Towers, Inc., is not known at this time. (*See Isquith Aff.,* ¶ 7.)

The eight defendants named in each of the six actions are domestic or foreign corporations engaged in the business of selling elevators and/or escalators and providing related maintenance and repair services to customers in the United States and other countries. (*Id.,* Exhs. 1-5, ¶¶ 6-13)  Defendants are alleged in each action to have violated Section 1 of the Sherman Antitrust Act by combining, conspiring or contracting to rig bids and otherwise fix prices for sales and service of elevators and escalators. (*Id.,* Exhs. 1-5, ¶¶ 1, 26-38)  Each Plaintiff brings its action on behalf of itself and Class Members comprising thousands of persons or entities who purchased elevators, escalators, or elevator or escalator repair and maintenance services from defendants or their unnamed co-conspirators in the United States, Europe and elsewhere, from January 2000 through the present (the "Class Period").  Excluded from each

Class are defendants, their co-conspirators and their respective parents, subsidiaries and affiliates. (*Id.,* Exhs. 1-5, ¶¶ 17-18)

Each Plaintiff's claims are typical of other members of the Class who likewise sustained antitrust injury and were damaged through sales of elevators and escalators and elevator and escalator repairs and maintenance services at artificially high prices. Consolidation of the presently pending six cases of which we are aware, plus any similar future cases filed in or transferred to this Court, is therefore appropriate under Fed. R. Civ. P. 42(a).

Pursuant to Fed. R. Civ. P. 23(g)(2)(A), the Court's designation of interim lead counsel to act on behalf of a putative class before the determination of whether to certify the cases as class actions is appropriate to provide organizational structure and leadership for . The proposed Interim Lead Class Counsel, Wolf Haldenstein, is already counsel of record in four actions brought by some of the largest cooperative buildings in New York, if not the world. The firm has considerable experience handling antitrust class actions and will fairly and adequately represent the proposed Class. Wolf Haldenstein is recognized nationwide as one of the Country's premier class actions firms and is prepared to expend substantial resources to representing the Class. Furthermore, Wolf Haldenstein has particular expertise with respect to the representation of large residential cooperatives, condominium and other apartment complexes and commercial buildings that maintain many (in some cases more than one hundred) of the elevators at issue in these cases. *See* Isquith Aff. ¶¶ 9-11. Accordingly, appointment of Wolf Haldenstein as Interim Lead Class Counsel is appropriate.

# ARGUMENT

## A. Consolidation is Warranted for the Efficient Administration of the Case

Proposed Interim Lead Class Counsel respectfully requests that the six class actions presently pending in this District be consolidated pursuant to Federal Rule of Civil Procedure 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See generally Manual for Complex Litigation (4th ed.)* (Federal Judicial Center 2004) at §§ 11.631, 20.11 (hereafter "*MCL*"). Accordingly, consolidation of related complex litigations, including class actions, is commonplace. *See, e.g.*, Wright & Miller, 9 FEDERAL PRACTICE & PROCEDURE: Civil 2d (1994) at §§ 2384-85. Consolidation is appropriate also where the benefits of consolidation outweigh potential prejudice to the defendants. *See, e.g., Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate") (citing *International Paving Systems, Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) ("Rule 42(a) . . . empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay.").

Consequently, this Circuit has recognized the utility of consolidation, leaving to district courts the discretion to make appropriate Rule 42(a) orders: "[t]he trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts

have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1284-85.

These actions involve, at a minimum, the following significant common questions of law or fact:

(a) Whether defendants and others combined, conspired, or contracted to fix prices of elevators and escalators and elevator and escalator maintenance and repair services at artificially high levels;

(b) Whether defendants and others combined, conspired, or contracted to rig bids for elevator and escalator sales and service contracts;

(c) The dates of the formation of this illegal contract or conspiracy;

(d) The identities of participants in the conspiracy;

(e) The manner and means of the conspiracy;

(f) Whether defendants and their co-conspirators fraudulently concealed their conspiracy;

(g) Whether Class Members have been damaged by the illegal conspiracy, including the degree to which prices paid by the Class are higher than those that would be paid in a market free from collusion; and

(h) The appropriateness of injunctive relief to restrain future violations.

*See* Isquith Aff., Exhs. 1-5, at ¶ 21.

Consolidation is necessary to avoid unnecessary costs or delay, to maintain efficiency, and to assure that case administration is consistent. Consolidation of these actions and any subsequent related actions filed in or removed or transferred to this district will avoid costly and unnecessary duplication of effort and waste of judicial and party resources.

8

Moreover, because of the significant possibility that additional related class actions will be filed in or transferred to this Court, the appointment of Interim Lead Class Counsel is warranted to ensure that the claims are prosecuted efficiently and effectively. *See MCL* §§ 10.123, 10.22, 20.12, 30, 30.4.

Movants respectfully suggest that the class actions be consolidated under the following caption, with the docket number from the first-filed case in this jurisdiction serving as the Master Docket number:

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Elevator Antitrust Litigation. | Master Docket No. 1:04-cv-01178-TPG |

Movants further request, for similar purposes of efficiency and effective administration, that additional related class action cases which are filed in or transferred to this jurisdiction pursuant to either 28 U.S.C. § 1404 or 28 U.S.C. § 1407 be similarly consolidated herewith and subject to the Court's Rule 23(g) Order.

    **B.**    **Proposed Interim Class Counsel Will Fairly and
            Adequately Represent the Interests of the Class**

In considering the appointment of class counsel under Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court is instructed to evaluate the following factors:

> (B) An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>
> (C) In appointing class counsel, the court
>
>     (i)  must consider:
>
> - the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel commit to representing the class; [and]

(ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class.

Fed. R. Civ. 23(g)(1).

Rule 23(g) has only been effective since December 1, 2003. Courts interpreting Rule 23(g) to date have followed the Advisory Committee notes related thereto, and found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *See, e.g., Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). Pursuant to Rule 23(g), the Court may also designate interim class counsel to act on behalf of a putative class before determining whether to certify the class as a class action. Fed. R. Civ. P. 23(g)(2)(A). Because the proposed Interim Lead Class Counsel satisfies all of the requirements for Rule 23(g), and because appointment of interim class counsel is necessary and appropriate to the administration of these complex class action cases, Plaintiffs' motion should be granted.

It is well-established that a judge may appoint plaintiffs' lead counsel. The utility in appointing lead counsel in class action suits such as these is well recognized. As stated by the Second Circuit:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.* elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958).  *See also In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977).

As courts evaluating the adequacy of representation requirement at class certification have repeatedly held, a class is fairly and adequately represented where counsel is "'qualified, experienced, and generally able to conduct the . . . litigation'" on its behalf.  *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993) (quotation omitted).

Proposed Interim Lead Class Counsel is among the most experienced law firms in the Country in the prosecution of antitrust class action cases, and it has repeatedly served as lead or co-lead counsel in such cases.  The firm also has a leading commercial real estate practice and represents numerous large, putative Class Members that have collectively thousands of the elevators at issue in these cases.[1]

Proposed Interim Lead Class Counsel is also ready, willing and able to commit the resources necessary to litigate the Elevator cases vigorously.  Wolf Haldenstein has already committed time and effort to the research and litigation of these cases, as well as considerable financial resources, and it will continue to do so.  *See* Isquith Aff., ¶ 11.  As such, the proposed Interim Lead Class Counsel satisfies the adequacy requirement of Rule 23(g).

---

[1] The Wolf Haldenstein firm resume is attached as Exhibit 7 to the Isquith Affidavit, which also sets forth nature and extent of the firm's representation of large residential properties, *see* Isquith Aff., ¶¶ 10-11.

### C. Proposed Interim Class Counsel Are Experienced In Handling Antitrust Class Action Cases, Are Knowledgeable About the Applicable Law, and Are Prepared to Commit Considerable Resources to Representing the Class

Proposed Interim Lead Class Counsel, as shown above, has litigated numerous antitrust class actions involving numerous products and would draw on its collective experiences and resources to zealously represent all Class Members in this litigation. As review of its firm resume makes clear, the firm has the experience necessary to successfully lead the Elevator cases. *See* Isquith Aff., Exh. 7. Wolf Haldenstein is committed to expending the necessary resources to litigate these cases to a successful resolution.

Moreover, the clients already represented by the proposed Interim Lead Class Counsel are substantial entities. Proposed Interim Lead Class Counsel represent many other cooperative corporations, condominiums and other residential buildings that have expended hundreds of thousands to millions of dollars on purchases of elevators and elevator repair services for their buildings. *See* Isquith Aff., ¶ 11. Proposed Interim Lead Class Counsel therefore has substantial interest in representing their clients and the putative class as zealously as possible. As such, the requirements of Rule 23(g) are satisfied.

Accordingly, Wolf Haldenstein should be authorized as Interim Lead Counsel over these and related litigations, including with respect to pleadings, motion practice, discovery, settlement negotiations and, if necessary, trial. To ensure that the actions are pursued efficiently with a minimum of duplication of cost and effort proposed Interim Lead Class Counsel should also be authorized to direct and supervise the activities of the other firms that currently or may in the future represent a plaintiff in these or future related class actions, including, where appropriate for efficient administration of the action, the delegation of work assignments. A proposed form of order defining the authority of the Interim Lead Class Counsel accompanies these motion papers. *See also* Isquith Aff., ¶ 12-13.

**CONCLUSION**

For the above reasons, Movants respectfully request the Court to grant their Joint Motion for Consolidation and to Appoint Interim Class Counsel for Plaintiffs; to appoint Wolf Haldenstein Adler Freeman & Herz LLP, Interim Lead Class Counsel; to consolidate the cases presently in this District under one caption; and to consolidate cases that may be later filed in or transferred to this Court pursuant to 28 U.S.C. §§ 1404, 1407, pursuant to the same Order.

Dated: May 3, 2004

                                                  Respectfully Submitted,

                                                  WOLF HALDENSTEIN ADLER
                                                    FREEMAN & HERZ LLP

                                                  By: _____/s_____
                                                       Fred Taylor Isquith (FI 6782)
                                                       Stuart M. Saft (SS 7775)
                                                       Alexander H. Schmidt (AS 8304)
                                                       270 Madison Avenue
                                                       New York, New York 10016
                                                       (212) 545-4600

                                                       Mary Jane Edelstein Fait (ME 1434)
                                                       656 West Randolph Street, Suite 500 West
                                                       Chicago, Illinois 60661
                                                       (312) 466-9200

                                                       *Attorneys for Plaintiffs in Nos.*
                                                       *04 CV 02785, 02786, 03225 and 03308*

360489