UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED

| | |
|---|---|
| ——————————————————— x | |
| TRANSHORN LTD., On Behalf of Itself and All Others Similarly Situated, | : Civil Action No. 04-CV-01178 (ECF CASE) |
| Plaintiff, | : Judge Thomas P. Griesa |
| vs. | : |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | : |
| Defendants. | : |
| ——————————————————— | : |
| 1775 HOUSING ASSOCIATES, On Behalf of Itself and All Others Similarly Situated, | : Civil Action No. 04-CV-02785 |
| Plaintiff, | : Judge Thomas P. Griesa |
| vs. | : |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | : |
| Defendants. | : |
| ——————————————————— x | |

[Caption continued on following page.]

PLAINTIFFS' TRANSHORN LIMITED, D.F. CHASE, INC., MOUNTAIN BAY
CONSTRUCTION AND 435 PACIFIC, INC.'S OPPOSITION TO JOINT MOTION FOR
CONSOLIDATION AND APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

|  |  |
|---|---|
| TRIANGLE HOUSING ASSOCIATES, L.P., On Behalf of Itself and All Others Similarly Situated, | x<br>: Civil Action No. 04-CV-02786<br>:<br>: Judge Richard Owen |
| Plaintiff, | : |
| vs. | : |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | : |
| Defendants. | : |
| ROCHDALE VILLAGE, INC., On Behalf of Itself and All Others Similarly Situated, | : Civil Action No. 04-CV-03225<br>:<br>: Judge Thomas P. Greisa |
| Plaintiff, | : |
| vs. | : |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | : |
| Defendants. | : x |

[Caption continued on following page.]

|  | x |  |
|---|---|---|
| BIRMINGHAM BUILDING TRADES TOWER, INC., On Behalf of Itself and All Others Similarly Situated, | : | Civil Action No. 04-CV-03229 |
|  | : | Judge Thomas P. Greisa |
| Plaintiff, | : |  |
| vs. | : |  |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | : |  |
| Defendants. | : |  |
| RIVERBAY CORPORATION, On Behalf of Itself and All Others Similarly Situated, | : | Civil Action No. 04-CV-03308 |
|  | : | Judge Thomas P. Griesa |
| Plaintiff, | : |  |
| vs. | : |  |
| UNITED TECHNOLOGIES CORPORATION, OTIS ELEVATOR CO., KONE CORPORATION, KONE INC., SCHINDLER HOLDING LTD., SCHINDLER ELEVATOR CORPORATION, THYSSENKRUPP AG and THYSSEN ELEVATOR CAPITAL CORP., | : |  |
| Defendants. | : |  |
|  | x |  |

[Caption continued on following page.]

```
                                              x
D.F. CHASE, INC., On Behalf of Itself and All  :  Civil Action No. 04-CV-03569
Others Similarly Situated,                     :
                                               :  Judge _____
                          Plaintiff,           :
                                               :
            vs.                                :
                                               :
UNITED TECHNOLOGIES CORPORATION,               :
OTIS ELEVATOR CO., KONE                        :
CORPORATION, KONE INC., SCHINDLER              :
HOLDING LTD., SCHINDLER ELEVATOR               :
CORPORATION, THYSSENKRUPP AG and               :
THYSSEN ELEVATOR CAPITAL CORP.,                :
                                               :
                          Defendants.          :
                                               :
                                              x
```

**TABLE OF CONTENTS**

                                                                                                          **Page**

I.      INTRODUCTION ..................................................................................................1

II.     ARGUMENT ........................................................................................................2

        A.    The Moving Plaintiffs' Request for Consolidation Is Premature ...........................2

        B.    The Moving Plaintiffs' Motion Request for Appointment of Interim Class
              Counsel Is Premature .........................................................................................3

        C.    The Request for Appointment as "Interim Lead Class Counsel" Is
              Inappropriate ......................................................................................................4

        D.    Wolf's Request for Appointment as "Interim Lead Class Counsel" Does
              Not Satisfy the Criteria Set Forth Under Rule 23(g) .................................5

III.    CONCLUSION .....................................................................................................7

## I.    INTRODUCTION

Plaintiffs Transhorn Limited, D.F. Chase, Inc., Mountain Bay Construction and 435 Pacific, Inc., oppose plaintiffs 1775 Housing Associates, Triangle Housing Associates, L.P., Rochdale Village, Inc. and Riverbay Corp. (the "Moving Plaintiffs") premature and substantively deficient motion to appoint its counsel, the Wolf Haldenstein Adler Freeman & Herz ("Wolf") firm as "Interim Lead Class Counsel."

On May 3, 2004, just two weeks after filing their first copycat complaint, Moving Plaintiffs filed a motion asking the Court to appoint the Wolf firm "Interim Lead Class Counsel" and consolidate the six cases[1] currently pending in this District.  Since that time the *D.F. Chase, Inc.*, and *Mountain Bay Construction* and *435 Pacific, Inc.* actions have been filed in this Court and *Bennardi d/b/a Nedmac Associates, Inc. v. United Technologies Corp.*, No. 04-cv-03387 (D.N.J.), has been filed in the District of New Jersey.  *See* Declaration of Curtis Trinko in Support of Plaintiffs' Transhorn Limited, D.R. Chase, Inc., Mountain Bay Construction and 435 Pacific, Inc.'s Opposition to Joint Motion for Consolidation and Appointment of Interim Lead Class Counsel ("Trinko Decl.") Ex. A.  Because the litigation is at the earliest stages and related actions are being filed outside this District, the actions currently before this Court may be consolidated and transferred in a MDL

---

[1]    These cases are *Transhorn, Ltd. v. United Technologies Corp., et al.*, No. 04-cv-01178; *1775 Housing Associates v. United Technologies Corp., et al.*, No. 04-cv-02785; *Triangle Housing Associates, L.P. v. United Technologies Corp., et al.*, No. 04-cv-02786; *Rochdale Village, Inc. v. United Technologies Corp., et al.*, No. 04-cv-03225; *Birmingham Building Trades Towers, Inc. v. United Technologies Corp., et al.*, No. 04-cv-03229; and *Riverbay Corp. v. United Technologies Corp., et al.*, No. 04-cv-03308.

proceeding.  Thus, the Moving Plaintiffs' motion for consolidation and appointment of interim counsel is improvident and premature.[2]

If the Court is inclined to appoint interim class counsel at this time, all the factors set forth in Fed. R. Civ. P. 23(g)(1)(B) would favor appointment of Lerach Coughlin Stoia & Robbins LLP ("LCSR") rather than Wolf as interim class counsel.  The Moving Plaintiffs' actions simply restate the *Transhorn Limited* complaint filed by LCSR in February of this year.  The Moving Plaintiffs filed their first complaint in April 2004, and copied the *Transhorn Limited* complaint virtually verbatim.[3]  LCSR has the necessary knowledge of the law and experience in handling antitrust and other complex class actions and superior resources to commit to representing the class.

## II.    ARGUMENT

### A.    The Moving Plaintiffs' Request for Consolidation Is Premature

At the appropriate juncture, procedural steps will be needed to consolidate the litigation of all these antitrust cases against the same group of defendants raising essentially identical legal and factual allegations on behalf of overlapping putative classes of plaintiffs.[4]  In due course, consolidation of these actions will promote judicial efficiency and economy.  The litigation, however, is in its infancy and the dust of new filings has yet to settle.  It would be more sensible and efficient to defer consolidation until it is clear who is filing, where they are filing, what they are

---

[2]    A letter was sent to Moving Plaintiffs' counsel requesting a withdrawal of the motion in light of these recent developments.  *See* Trinko Decl., Ex. B.

[3]    The only substantive difference between the *Transhorn Limited* complaint and the four complaints filed by Wolf, other than the substitution of different named plaintiffs, is the addition of a new paragraph 31 in the latter referencing a *Wall Street Journal* article published after *Transhorn Limited* was filed.

[4]    The *Transhorn Limited* action is unique in that it asserts class claims on behalf of foreign purchasers also.

alleging, and in which court the cases will ultimately proceed. If a MDL proceeding is initiated, which will occur unless all parties stipulate to transfer to the same court, the MDL panel will decide consolidation issues. In light of the likelihood of MDL proceedings, consolidating the cases now before this Court, which lacks jurisdiction over the cases filed in other districts, would be a waste of judicial resources.

**B.**      **The Moving Plaintiffs' Motion Request for Appointment of Interim Class Counsel Is Premature**

The Moving Plaintiffs' motion to appoint Wolf "Interim Lead Class Counsel" is also premature.[5] The Moving Plaintiffs seek appointment of "Interim Lead Class Counsel" under Rule 23(g)(2)(A) of the revised Federal Rules of Civil Procedure. *See* Notice of Joint Motion for Consolidation and Appointment of Interim Lead Class Counsel at 4.

The Advisory Committee Notes to Rule 23(g), which became effective on December 1, 2003, provide that "interim" class counsel is appropriate only "if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 Advisory Committee Note (2003). The statute therefore contemplates a motion to appoint interim counsel only upon a showing that such appointment is currently necessary to protect the putative class. Indeed, the only reported case that discusses "interim counsel" under revised Rule 23 mentions it as a type of regency pending certification of the class and appointment of class counsel under Rule 23(g)(1). *See In re Terazosin Hydrochloride Antitrust Litig.*, 99-MDL-1317, 2004 U.S. Dist. LEXIS 6176, at *100 (S.D. Fla. Apr. 8, 2004).

There are no reported cases where a court has determined that interim counsel, let alone "Interim Lead Class Counsel," is necessary at this early stage of the litigation. The Moving

---

[5]      The moving papers make clear that what the Moving Plaintiffs' counsel seeks is not appointment as interim counsel under Fed. R. Civ. P. 23(g) but appointment as lead counsel with supervisory authority through trial.

Plaintiffs offer no rationale why immediate appointment of interim class counsel is "necessary to protect the interests of the putative class." *See* Fed. R. Civ. P. 23 Advisory Committee Note (2003). Nor is there any such necessity. Each of these cases was only recently filed. No discovery has taken place, no answers have been filed and no motions to dismiss are pending. There is no pending motion for class certification. Indeed, no substantive activity has occurred in any of these cases and the Moving Plaintiffs point to no upcoming activity for which interim counsel would be required to protect the interests of the putative class.

At the same time, the litigation landscape is only now beginning to take shape. Three additional cases have recently been filed, and it is unlikely these will be the last. At least one copycat action has been filed in the District of New Jersey, making a MDL proceeding likely. As a result, it is not yet evident whether this litigation will ultimately be assigned to this Court, or whether these actions will be transferred and consolidated only for pretrial proceedings or for all purposes. If the cases are transferred to another court by the MDL panel, the decision to appoint class counsel must be made by the transferee court.

Moreover, without knowing the range of plaintiffs (*e.g.*, developers, general contractors, building owners and housing associations of various sizes), and plaintiffs' counsel, who will be taking part in this litigation, the appointment of interim counsel, let alone *lead* counsel, is premature.

C.    **The Request for Appointment as "Interim Lead Class Counsel" Is Inappropriate**

Under revised Rule 23, a court may appoint "interim counsel" to protect the interests of the putative class prior to certification and the appointment of class counsel. The Moving Plaintiffs, however, seek appointment of more than just interim counsel; they request the Wolf firm be appointed "Interim *Lead* Class Counsel" with all the responsibilities and prerogatives of lead counsel from now through trial. *See* Memorandum of Law in Support of Joint Motion for Consolidation and

Appointment of Interim Lead Counsel ("Memorandum") at 9-12. The Moving Plaintiffs' motion is not meant to protect the putative class, but is a tactical maneuver by counsel to wrest control of the litigation at an early stage after having copied the first complaint.

**D.     Wolf's Request for Appointment as "Interim Lead Class Counsel"
Does Not Satisfy the Criteria Set Forth Under Fed. R. Civ. P. 23(g)**

Pursuant to revised Rule 23, a court that certifies a class must appoint counsel to represent the class pursuant Rule 23(g). The Court ***must*** consider the criteria enumerated under revised Rule 23(g)(1)(C) when appointing class counsel. These criteria are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the claim. Wolf recites these criteria and asserts, in conclusory fashion, that it has satisfied them.[6] Memorandum at 9-12.

Under Fed. R. Civ. P. 23(g)(2)(B), "[i]f more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." *See Coleman v. GM Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

---

[6]     Most arguments Wolf makes in support of its premature bid for appointment as lead counsel are entirely irrelevant to the criteria for selecting class counsel under Rule 23. For example, Wolf argues it should be appointed class counsel because it has much experience in representing homeowner associations. However, Rule 23(g)(1) requires a court to examine counsels' experience in the claims asserted, not the type of client represented and the Wolf does not claim that the work it has previously done for homeowners associations involved antitrust litigation. Wolf also suggests it should be class counsel because its clients have the most elevators. Wolf apparently confuses the requirements for class counsel under Rule 23 (g)(1) with the criteria for selecting lead counsel under the Private Securities Litigation Reform Act of 1995 where the number of shares of stock controlled by competing lead plaintiffs is an issue. Rule 23(g)(1), by contrast, is limited to considerations about the counsel best suited to represent the entire class.

The same factors should be considered in selecting interim counsel when it becomes necessary. The Moving Plaintiffs' motion does not satisfy Rule 23(g) because it is devoid of specific information about factors that must be considered by a court in appointment of class counsel. For example, Wolf has provided no specific information about the work it has performed or the resources it has committed to this case. In *Terazosin Hydrochloride*, 2004 U.S. Dist. LEXIS 6176, at \*101, the district court recently granted nationwide class certification but deferred appointment of class counsel because counsel had failed to provide the specific information required under new Rule 23(g) including information regarding the work performed and resources committed to the case. *See also Noble v. 93 Univ. Place Corp.*, No. 02 Civ. 1803 (SAS), 2004 U.S. Dist. LEXIS 7631, at \*46 (S.D.N.Y. May 3, 2004)(applying the Rule 23(g) factors upon motion for class certification).

LCSR is best able to represent the interests of the class under the Rule 23(g) factors. As to the first factor, the work counsel has done in identifying or investigating potential claims in the action LCSR has been actively investigating the claims at issue and represents a variety of clients from around the country, *e.g.*, building owners, developers and general contractors, who have been damaged by the alleged practices. Wolf has copied four times, almost verbatim, the first filed complaint by *Transhorn Limited*, which was filed two months prior to any of the other actions. *Transhorn Limited's* counsel, LCSR, also represent D.F. Chase, Inc., Mountain Bay Construction and 435 Pacific, Inc. in separately filed actions.

LCSR, formed recently by former partners of the Milberg Weiss Bershad Hynes & Lerach law firm, is the largest plaintiffs' firm in the country specializing in class actions, with 125 lawyers and offices in a number of cities. Its lawyers have recovered billions of dollars for their clients and have been lead counsel in many of the largest antitrust and consumer class actions. Its lawyers specialize in complex, class actions of this nature and possess the experience and capital to see the

action through trial if necessary.  *See* Trinko Decl., Ex. C. (firm Resume of Lerach Coughlin Stoia

and Robbins LLP).  Finally, while LCSR has significant resources with which to prosecute cases of

this type and had already shown its willingness to use such resources, Wolf has not yet shown a

commitment to do anything in this case other than copy the complaint prepared by LCSR.  If the

Court is inclined to appoint interim counsel at this juncture, it should appoint LCSR.

## III.     CONCLUSION

Until the landscape of this litigation settles, plaintiffs Transhorn Limited, D.F. Chase,

Mountain Bay Construction and 435 Pacific, Inc. respectfully submit that it is premature to

undertake a piecemeal process of consolidation and appointment of interim counsel.  Accordingly,

plaintiffs 1775 Housing Associates, Triangle Housing Associates, L.P., Rochdale Village, Inc. and

Riverbay Corp.'s motion should be denied.  Should the Court determine that it is desirable to appoint

interim counsel to protect the interests of the putative class, it should appoint LCSR which is the best

qualified firm under the criteria set forth under Rule 23(g)(1).

DATED:  May 20, 2004                          Respectfully submitted,

                                             LAW OFFICES OF CURTIS V. TRINKO, LLP
                                             CURTIS V. TRINKO (CT-1838)


                                             _____S/_____
                                                   CURTIS V. TRINKO

                                             16 West 46th Street, 7th Floor
                                             New York, NY  10036
                                             Telephone:  212/490-9550
                                             212/986-0158 (fax)

LERACH COUGHLIN STOIA
  & ROBBINS LLP
WILLIAM S. LERACH
MARK SOLOMON
BONNY E. SWEENEY
DAVID W. MITCHELL
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiff

S:\CasesSD\Elevators_NY\brf00009869.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.      That on May 20, 2004, declarant served the **PLAINTIFFS' TRANSHORN LIMITED, D.F. CHASE, INC., MOUNTAIN BAY CONSTRUCTION AND 435 PACIFIC, INC.'S OPPOSITION TO JOINT MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM LEAD CLASS COUNSEL** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of May, 2004, at San Diego, California.

_____
MICHELE M. HENRY

ELEVATORS NY

Service List - 5/20/2004   (04-0160)

Page 1 of 1

### Counsel For Plaintiff(s)

James G. Stranch, III
C. Dewey Branstetter, Jr.
Branstetter, Kilgore, Stranch & Jennings
227 Second Avenue, North, 4th Floor
Nashville, TN  37201-1631
  615/254-8801
  615/255-5419(Fax)

Nadeem Faruqi
Antonio Vozzolo
Beth A. Keller
Faruqi & Faruqi, LLP
320 East 39th Street, 3rd Floor
New York, NY  10016
  212/983-9330
  212/983-9331(Fax)

Curtis V. Trinko
Law Offices of Curtis V. Trinko LLP
16 West 46th Street, Seventh Floor
New York, NY  10036
  212/490-9550
  212/986-0158(Fax)

Mark Solomon
Bonny E. Sweeney
William J. Doyle II
Lerach Coughlin Stoia & Robbins LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423(Fax)

Brian J. Robbins
Robbins Umeda & Fink, LLP
1010 Second Avenue, Suite 2360
San Diego, CA  92101
  619/525-3990
  619/525-3991(Fax)

Joe R. Whatley, Jr.
Glenn M. Connor
Whatley Drake, LLC
2323 Second Avenue North
Birmingham, AL  35203
  205/328-9576
  205/328-9669(Fax)

Mary Jane Fait
Wolf Haldenstein Adler Freeman & Herz, LLC
656 West Randolph Street, Suite 500W
Chicago, IL  60661
  312/466-9200
  312/466-9292(Fax)

Fred T. Isquith
Mary Jane Fait
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY  10016
  212/545-4600
  212/545-4653(Fax)