JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 7 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1644*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ELEVATOR AND ESCALATOR ANTITRUST LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Now before the Panel are two motions encompassing a total of nineteen actions that are listed on the attached Schedule A and are pending in four districts as follows: eleven actions in the Southern District of New York, six actions in the Eastern District of Pennsylvania, and one action each in the Middle District of Florida and the District of New Jersey.[1] Pursuant to 28 U.S.C. § 1407, i) plaintiff in one Eastern District of Pennsylvania action moves for centralization of eighteen actions in its Pennsylvania district; and ii) plaintiffs in the District of New Jersey action and in ten of the Southern District of New York actions move for centralization in the Southern District of New York of the eighteen actions on the first motion plus one later filed Eastern District of Pennsylvania action. No responding party opposes centralization, and the only dispute concerns selection of the transferee district. Joining the moving Eastern District of Pennsylvania plaintiff in support of selection of the Pennsylvania forum are the plaintiffs in the five other Eastern District of Pennsylvania actions now before the Panel. Plaintiffs in the Middle District of Florida action and in a District of Connecticut potential tag-along action support selection of the District of Connecticut or, alternatively, the Middle District of Florida as transferee district. Plaintiffs in a District of New Mexico potential tag-along action favor selection of their forum. Finally, five responding defendants state that they agree that the Eastern District of Pennsylvania would be an appropriate district for this litigation, but that the District of Connecticut or the Southern District of New York would be equally appropriate choices.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving

---

\*Judge Motz took no part in the disposition of this matter.

[1]The Panel has been notified of additional related actions recently filed in the District of Connecticut, the District of New Mexico, and the Eastern District of Pennsylvania.. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Dockets.Justia.com

- 2 -

allegations that common defendants engaged in a combination and conspiracy to fix prices for elevator and escalator sales and services. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the Southern District of New York is an appropriate forum for this docket, we note that i) the district is where the first filed and largest number of actions are pending; ii) the district is an acceptable choice of a substantial number of MDL-1644 parties plaintiff and defendant; and iii) the district is equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to that district and, with the consent of that court, assigned to the Honorable Thomas P. Griesa for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1644 -- In re Elevator and Escalator Antitrust Litigation</u>

### <u>Middle District of Florida</u>

*Executive Development Corp. v. United Technologies Corp., et al.*, C.A. No. 2:04-318

### <u>District of New Jersey</u>

*Joseph M. Bennardi v. United Technologies Corp., et al.*, C.A. No. 1:04-2287

### <u>Southern District of New York</u>

*Transhorn, Ltd. v. United Technologies Corp., et al.*, C.A. No. 1:04-1178
*1775 Housing Associates v. United Technologies Corp., et al.*, C.A. No. 1:04-2785
*Triangle Housing Associates, L.P. v. United Technologies Corp., et al.*,
   C.A. No. 1:04-2786
*Rochdale Village, Inc. v. United Technologies Corp., et al.*, C.A. No. 1:04-3225
*Birmingham Building Trades and Towers, Inc. v. United Technologies Corp., et al.*,
   C.A. No. 1:04-3229
*Riverbay Corp. v. United Technologies Corp., et al.*, C.A. No. 1:04-3308
*D.F. Chase, Inc. v. United Technologies Corp., et al.*, C.A. No. 1:04-3569
*Mountain Bay Construction, Inc., et al. v. United Technologies Corp., et al.*,
   C.A. No. 1:04-3857
*Towers of Coral Springs, Ltd., et al. v. United Technologies Corp., et al.*,
   C.A. No. 1:04-3963
*Olen Commercial Realty Corp. v. United Technologies Corp., et al.*, C.A. No. 1:04-5662
*Bay Crest Condominium Association v. United Technologies Corp., et al.*,
   C.A. No. 1:04-5663

### <u>Eastern District of Pennsylvania</u>

*Parkway Corp. v. United Technologies Corp., et al.*, C.A. No. 2:04-2404
*Mason on Main Street v. United Technologies Corp., et al.*, C.A. No. 2:04-3145
*Kings Village Corp. v. United Technologies Corp., et al.*, C.A. No. 2:04-3585
*Wrightsville Builders, Inc. v. United Technologies Corp., et al.*, C.A. No. 2:04-3622
*Downtowner Hotel & Spa v. United Technologies Corp., et al.*, C.A. No. 2:04-3895
*Mulberry Court Associates v. United Technologies Corp., et al.*, C.A. No. 2:04-4048