## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888
270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600
WWW.WHAFH.COM

JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
DANIEL W. KRASNER
FRED T. ISQUITH
STUART M. SAFT*
ERIC B. LEVINE
JEFFREY G. SMITH†
FRANCIS M. GREGOREK†
MARY JANE FAIT♦
ROBERT D. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN◊
JEFFREY M. SCHWARTZ
MICHAEL JAFFE†
MARIA I. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD†
ALEXANDER H. SCHMIDT°
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.▽
DEMET BASAR°
ADAM J. LEVITT‡
LISA A. LOWENTHAL

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
656 WEST RANDOLPH STREET, SUITE 500W
CHICAGO, IL 60661
312-466-9200

M. JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS
OF COUNSEL

ALAN McDOWELL□
LINDA A. REDLISKY
NANCY S. PITKOFSKY°
STEVEN D. SLADKUS°
JULIE A. FOX‡
MICHAEL C. MULÉ°
RACHELE R. RICKERT°
THOMAS H. BURT
JILL H. BLUMBERG°
SCOTT J. FARRELL°
KATE M. McGUIRE
LAUREN P. KRAUS°
GUSTAVO BRUCKNER°
STACEY T. KELLY°
RONNIE BRONSTEIN
PAULETTE S. FOX°
MICHAEL J. MISKE
TAMARA E. GROSS
CHRISTOPHER S. HINTON
JOSHUA BERENGARTEN
INGRID C. MANEVITZ°
MATTHEW M. GUINEY
MARTHA J. BROSIUS|
AYA BOUCHEDID
JESSICA HOFF●

ALSO ADMITTED
*FLA., †CAL., °N.J., ♦IL.
ONLY ADMITTED
▽CA, ‡IL, □VA, ◊NJ & PA, ●CT

DIRECT DIAL (212) 545-4690
FACSIMILE (212) 545-4653
isquith@whafh.com

December 20, 2004

**By Hand Delivery**

The Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *In re Elevator Antitrust Litigation (04-CV-01178-TPG)* –
*In re Elevator & Escalator Antitrust Litigation (MDL Docket No. 1644)*

Dear Judge Griesa:

This morning I was able to access through my office computer the letter addressed to Your Honor dated December 16, 2004 from Thelan Reed & Priest. Let me crystallize the issues since our adversary has somewhat obscured them.

First, the parties negotiated an agreement embodying a Stipulation and Proposed Order submitted to Your Honor on December 14, 2004, seeking an extension for defendants until January 17, 2005 of the Court's prior Order providing that defendants' respond to the consolidated complaint not later than December 14, 2004. Defendants immediately turned around and now seek an indefinite extension. By Order of September 16, 2004, Your Honor had set deadlines. At defendants' request plaintiffs agreed to an extension. No further extension is necessary.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Honorable Thomas P. Griesa
December 20, 2004
Page 2

Defendants apparently have buyers' regret and hope to secure an indefinite time to respond. They refer to the consolidation by the Panel on Multidistrict Litigation. Your Honor has previously ruled on this issue. Your Honor's Order of August 27, 2004, provided that all related actions transferred to this District are automatically consolidated in the litigation pending in the Southern District of New York and are included within the consolidated complaint. Since the Panel ruled on the question of consolidation of the related cases pending in other Districts, there is nothing left to litigate or for this Court to decide. All counsel in the actions transferred by the Panel have been notified of Your Honor's prior Orders.

Your Honor had scheduled a Hearing for December 13, 2004. It is unnecessary to sign any Order that hamstrings any decision Your Honor may wish to make at that conference.

It should be noted that defendants' time to respond to the complaint has already expired. Absent extension, as agreed, the defendants would be in default.

Second, plaintiffs note that only some of the defendants have appeared by counsel in this Court. All others take the position, apparently, that they may have issues regarding jurisdiction. Defendants have never, however, clarified which of them disputes jurisdiction. No defendant, until it has appeared before this Court, and, has taken a position with respect to jurisdiction, need be concerned about responding to a complaint. If a defendant contends that it has not been served or that this Court lack jurisdiction, then it need not respond to the complaint until that issue is determined.

Respectfully submitted,

Fred Taylor Isquith

FTI/fb/387534
All counsel on the attached service list