**Thelen Reid & Priest LLP**
*Attorneys At Law*

701 Eighth Street, NW
Washington, DC  20001-3721

Tel. 202.508.4000
Fax 202.508.4321
www.thelenreid.com

Gerald Zingone
202.508.4332 Direct Dial
202.654.1828 Direct Fax
gzingone@thelenreid.com

October 12, 2005

**ELECTRONICALLY FILED AND BY HAND DELIVERY**

The Honorable Thomas P. Griesa
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:    *In re Elevator Antitrust Litigation*, MDL No. 1644; Master Docket No: 1:04-cv-01178-TPG

Dear Judge Griesa:

      I write on behalf of defendants to respond to plaintiffs' October 10, 2005 letter concerning our proposed order that defers the briefing of the foreign defendants' Rule 12(b)(2) motions until after this Court determines whether the allegations set forth in the Second Amended Consolidated Class Action complaint can withstand a Rule 12(b)(6) motion.

      Contrary to plaintiffs' assertion, the deferred briefing of the Rule 12(b)(2) motions does not violate the Federal Rules of Civil Procedure. The motion will be timely filed – only the significant expense of briefing (and plaintiffs' desire for jurisdictional discovery) will be deferred.  In short, the proposed order simply determines the sequence in which the Court will consider the Rule 12 motions and it is certainly consistent with the spirit of this Court's stated sentiment (at the January 8, 2005 hearing) that defendants should not be required to incur huge litigation costs until plaintiffs present an adequate complaint.  It is beyond question that determining the order in which it will consider Rule 12 motions is within the "inherent power of the Court … 'to manage … [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 497 (2d Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  See also, *U.S. v. Colomb*, 2005 WL 1706969 at **5 (5th Cir 2005) ("A district court has inherent power 'to control its disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Dockets.Justia.com

The Honorable Thomas P. Griesa
October 12, 2005
Page 2

**Thelen Reid & Priest LLP**

Defendants respectfully request that the Court endorse their proposed order.

Sincerely,

*Gerald Zingone*
Gerald Zingone

GZ/lar

cc: All Counsel of Record
per attached service list (by first-class mail)