# EXHIBIT B

Dockets.Justia.com

Fred T. Isquith (FI 6782)  Electronically Filed
Mary Jane Fait (ME 1434)
Alexander H. Schmidt (AS 8304)
**Wolf Haldenstein Adler Freeman**
  **& Herz LLP**
270 Madison Avenue
New York, New York  10016
(212) 545-4600

Mark Solomon
Bonny E. Sweeney
Christopher M. Burke
William J. Doyle, II
David W. Mitchell
*All Admitted Pro Hac Vice*
**Lerach Coughlin Stoia**
  **& Robbins LLP**
401 B Street Suite 1700
San Diego, California  92101
(619) 231-1058

Interim Co-Lead Counsel for Plaintiffs

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELEVATOR ANTITRUST LITIGATION | Master Docket No. 1:04-cv-01178-TPG<br><br>MDL No. 1644 |
| This Document Relates to:<br><br>ALL ACTIONS | CONSOLIDATED AMENDED CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

### NATURE OF THIS ACTION

Plaintiffs, on behalf of themselves and all others similarly situated, bring this Consolidated Amended Complaint ("Complaint") against defendants United Technologies Corporation, Otis Elevator Co., Kone Corporation, Kone Inc., Schindler Holding Ltd., Schindler

Elevator Corp., ThyssenKrupp AG and Thyssen Elevator Capital Corp., and their unnamed co-conspirators, and in support of their Complaint state as follows:

1. This case arises out of a conspiracy among all defendants to fix prices and rig bids for sales and service of elevators and escalators. Plaintiffs, on behalf of themselves and the Class described below, bring this action pursuant to §1 of the Sherman Act, 15 U.S.C. §1, and §4 of the Clayton Act, 15 U.S.C. §15.

2. Pursuant to Rule 23(a), 23(b) and 23(b)(3) of the Federal Rules of Civil Procedure, plaintiffs seek treble damages injunctive relief, attorneys' fees and costs under the antitrust laws of the United States on behalf of themselves and all others similarly situated.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1391(b) and (c) and 15 U.S.C. §§15, 22 and 26.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) and 15 U.S.C. §§15, 22, and 26. Defendants and their co-conspirators have committed acts in furtherance of the conspiracy in this District, each defendant has conducted business and/or maintained offices with this District, as have certain of defendants' co-conspirators, as identified in this Complaint.

## THE PARTIES

### Plaintiffs

5. During the period alleged in the Complaint, the following representative plaintiffs purchased elevators and/or elevator maintenance and repair services from defendants. As a result of defendants' conspiracy, these plaintiffs have been injured in their business and property

because the prices they paid were artificially raised to anti-competitive levels by defendants and their co-conspirators.

6. Plaintiff Transhorn, Ltd. ("Transhorn") is an English corporation with its principal place of business in London, England. Transhorn is the manager/owner of an elevator building in London, England.

7. Plaintiff 1775 Housing Associates ("1775") is a New York corporation with its headquarters located in New York, New York. 1775 is the owner of the apartment buildings located at 107-129 East 126th Street, New York, New York, 10035.

8. Plaintiff Triangle Housing Associates, L.P. ("Triangle") is a New York corporation with its headquarters located in New York, New York. Triangle is the owner of the apartment buildings located at 112-128 East 128th Street, New York, New York, 10035.

9. Plaintiff Rochdale Village, Inc. ("Rochdale") is a New York corporation and manager/owner of a housing cooperative with over 5,000 residential units and 121 elevators located in Jamaica, New York.

10. Plaintiff Birmingham Building Trades Towers, Inc. ("Birmingham") is an Alabama not-for-profit corporation with its principal place of business in Birmingham, Alabama. Birmingham is the manager/owner of a building with 236 residential units for elderly citizens, containing two elevators, located at 2021 Tenth Avenue South, Birmingham, Alabama.

11. Plaintiff Riverbay Corporation ("Riverbay") is a New York corporation with its headquarters located in Bronx, New York. Riverbay is the manager/owner of Co-Op City, a housing cooperative with over 15,000 residential units in 35 high rise towers located at 2049 Bartow Avenue, Bronx, New York, 10475.

12. Plaintiff D.F. Chase, Inc. ("D.F. Chase") is a Tennessee corporation with its principal place of business in Nashville, Tennessee. D.F. Chase is a construction company that has purchased, in recent years, more than $1,500,000 of elevator and escalator products for installation and use in buildings being constructed by D.F. Chase.

13. Plaintiff Mountain Bay Construction ("Mountain") is a California corporation with its principal place of business in San Francisco, California. Mountain is the general contractor that purchased two elevators located at 435 Pacific Street, San Francisco, California.

14. Plaintiff 435 Pacific, Inc. ("Pacific") is a California corporation with its principal place of business in San Francisco California. Pacific is the owner of a building with two elevators located at 435 Pacific Street, San Francisco, California.

15. Plaintiff Towers of Coral Springs Ltd. ("Coral Springs") is a Florida limited partnership with its principal place of business in Coral Springs, Florida. Coral Springs is the owner of a building with two elevators located at 2855 University Drive, Coral Springs, Florida.

16. Plaintiff 181 Maple Avenue Associates ("Maple") is a New York partnership with its principal place of business in New York. Maple is the manager/owner of an elevator building located at 181 Maple Avenue, Rockville Centre, New York.

17. Plaintiff Lenox Road Associates ("Lenox") is a New York partnership with its principal place of business in New York. Lenox is the manager/owner of an elevator building located at 30 Lenox Road, Rockville Centre, New York.

18. Plaintiff Olen Commercial Realty Corp. ("Olen") is a Nevada corporation with its principal place of business in Newport Beach, California. Olen is the manager/owner of 20 buildings, containing collectively 46 elevators, located in Brea, Irvine, Lake Forest, Margarita, Mission Viejo, Newport Beach and San Clemente, California.

19.     Plaintiff Bay Crest Condominium Association ("Bay Crest") is a California non-profit mutual benefit corporation with its principal place of business in San Francisco, California. Bay Crest is the manager of a two-tower condominium complex containing 287 units, and four elevators, located at 201 Harrison Street, San Francisco, California.

**Defendants**

20.     Defendant United Technologies Corporation ("UTC") is a Delaware corporation with its principal place of business in Hartford, Connecticut. During the period set forth in this Complaint, United was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries.

21.     Defendant Otis Elevator Co. ("Otis") is a New Jersey corporation with its principal place of business in Farmington, Connecticut. During the period set forth in this Complaint, Otis was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries. Otis is a wholly owned subsidiary of UTC.

22.     Defendant Kone Corporation ("Kone") is a Finnish company with its principal place of business in Helsinki, Finland. During the period set forth in the Complaint, Kone was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries. Kone employs 35,000 people around the world and generated $6.5 billion in sales last year.

23.     Defendant Kone Inc. is a Delaware corporation with its principal place of business in Moline, Illinois and offices in New York, New York. During the period set forth in this Complaint, Kone Inc. was engaged in the business of selling elevators and escalators and

providing elevator and escalator maintenance and repair services to customers in the United States and other countries. Kone Inc. is a wholly owned subsidiary of Kone Corporation.

24. Defendant Schindler Holding Ltd. ("Schindler Holding') is a corporation organized and run under the laws of Switzerland with its principal place of business in Hergiswil, Switzerland. During the period set forth in this Complaint, Schindler Holding was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries.

25. Defendant Schindler Elevator Corporation ("Schindler") is a Delaware corporation with its principal place of business in Morristown, New Jersey. During the period set forth in this Complaint, Schindler was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries. Schindler is a wholly owned subsidiary of Schindler Holding.

26. ThyssenKrupp AG is a German corporation with its principal place of business in Düsseldorf, Germany. During the period set forth in this Complaint, ThyssenKrupp AG was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries.

27. Thyssen Elevator Capital Corp. ("Thyssen") is a Delaware corporation with its principal place of business in Whittier, California. During the period set forth in this Complaint, Thyssen was engaged in the business of selling elevators and escalators and providing elevator and escalator maintenance and repair services to customers in the United States and other countries. Thyssen is a wholly owned subsidiary of ThyssenKrupp AG.

28. Various corporations and individuals not named as defendants in this Complaint participated as co-conspirators in the anti-competitive conduct alleged herein and performed acts and made statements in furtherance thereof.

29. Whenever in this Complaint reference is made to any act, deed or transaction of any corporation, it means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

30. Various individuals, partnerships, and corporations not named in this Complaint have participated as co-conspirators in the violations of law alleged in this Complaint, and have performed acts in furtherance thereof. The identity of all co-conspirators is unknown at this time and will require discovery. When their true identities are ascertained the Complaint shall be amended to reflect their true name.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of itself and the members of the Class comprising:

> All persons or entities who purchased elevators or escalators or elevator or escalator repair and maintenance services from defendants or their unnamed co-conspirators in the United States, Europe and elsewhere from February 13, 2000 through the present (the "Class Period"). Excluded from the Class are defendants, their co-conspirators and their respective parents, subsidiaries and affiliates.

32. The Class members are least in the thousands and are so numerous that joinder of all persons is impracticable.

33. Plaintiff's claims are typical of other members of the Class who likewise sustained antitrust injury and were damaged through sales of elevators and escalators and elevator and escalator repairs and maintenance services at artificially high prices.

34. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff purchased elevators and elevator maintenance and repair services from defendants and has a common and non-antagonistic interest in recovering money lost through unlawful activity and enjoining and deterring future unlawful activity in the elevator and escalator sales and services market. Plaintiff's undersigned counsel are experienced in antitrust and other complex class action litigation.

35. Common questions of law and fact predominate over questions pertinent to only individual Class members. Questions of law and fact common to the Class members predominate over questions, if any, that may affect only individual members because defendants have acted on grounds generally applicable to the entire Class. Such generally applicable conduct is inherent in defendants' collusion. Common questions of law and fact include:

(a) Whether defendants and others combined, conspired, or contracted to fix prices of elevators and escalators and elevator and escalator maintenance and repair services at artificially high levels;

(b) Whether defendants and others combined, conspired, or contracted to rig bids for elevator and escalator sales and service contracts;

(c) The dates of the formation of this illegal contract or conspiracy;

(d) The identities of participants in the conspiracy;

(e) The manner and means of the conspiracy;

   (f) Whether defendants and their co-conspirators fraudulently concealed their conspiracy;

   (g) Whether Class members have been damaged by the illegal conspiracy, including the degree to which prices paid by the Class are higher than those that would be paid in a market free from collusion; and

   (h) The appropriateness of injunctive relief to restrain future violations.

 22. Class action treatment is superior to other means of prosecuting these claims as the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication. Moreover, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication, effort or expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable and is one for which records exist.

 23. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class.

## TRADE AND COMMERCE

 24. Defendants and their co-conspirators manufacture and sell elevators and escalators, and also contract with customers for elevator and escalator sales and for the provision of elevator and escalator maintenance and repair services.

25. During the Class Period, the conduct of defendants and their co-conspirators has taken place in and affected the interstate and foreign trade and commerce of the United States. The conduct of defendants and their co-conspirators has directly and substantially restrained such trade and commerce.

## ALLEGATIONS OF WRONGDOING

26. Beginning at least as early as 2000 and continuing until now, defendants and their co-conspirators engaged in a combination and conspiracy to suppress and eliminate competition in the sale and service of elevators and escalators by fixing the price of elevators and escalators, rigging bids for contracts for elevator and escalator sales, and rigging bids for contracts for elevator and escalator maintenance and repair services. Defendants and their co-conspirators conducted the combination and conspiracy in the United States, Europe and elsewhere, and its effects were felt by plaintiff and Class members in the United States and elsewhere.

27. The alleged combination and conspiracy consisted of a continuing agreement, understanding and concert of action among the defendants and co-conspirators, the substantial terms of which were to agree to fix and maintain prices for elevators and escalators and to coordinate bid prices for contracts for the sale of elevators and escalators and the provision of elevator and escalator maintenance and repair services in the United States and elsewhere.

28. For purposes of forming and carrying out the charged combination and conspiracy, the defendants and co-conspirators did those things that they combined and conspired to do, including among other things:

(a) Participating in meetings and conversations in Europe and the United States to discuss the prices of elevators and escalators sold in the United States and elsewhere;

(b)     Agreeing, during those meetings and conversations, to charge prices at certain levels and otherwise increase or maintain prices of elevators and escalators sold in the United States and elsewhere;

(c)     Agreeing in advance on bid prices and bid winners for elevator and escalator sales contracts, and for contracts for the provision of elevator and escalator maintenance and repair services; and

(d)     Discussing and exchanging price quotations to certain customers so as not to undercut the price of a competitor.

29.     The combination and conspiracy engaged in by the defendants and their co-conspirators was an unreasonable restraint of interstate and foreign trade and commerce in violation of §1 of the Sherman Act, 15 U.S.C. §1.

**FRAUDULENT CONCEALMENT**

30.     Throughout the Class Period, defendants fraudulently concealed their unlawful conspiracy from plaintiff and Class members. Plaintiffs and other Class members had no knowledge of the contract, combination or conspiracy alleged in this Complaint, or any facts that might have led to the discovery thereof, in the exercise of reasonable diligence, until late January 2004. At that time, it was reported that the European offices of defendants Kone, Schindler Holding and ThyssenKrupp AG were raided in a January 28, 2004 inspection by the European Union Commission, and that these defendants were being investigated by European and antitrust investigators for participating in an international cartel to fix the price of elevators and escalators and elevator and escalator maintenance and repair services, and to rig bids for contracts for elevators and escalators and elevator and escalator maintenance and repair services, in violation of 15 U.S.C. §1.

31. On March 17, 2004, the Wall Street Journal reported that "UTC said some employees at its Otis unit's offices in Europe may have acted illegally..." and that "its own internal investigation had given it reason to believe that some Otis employees in a small number of locations may have engaged in activities at a local level in violation of Otis and UTC policies and applicable competition law."

32. On March 18, 2004, World Markets Analysis reported that UTC's competitor, Finnish lift and escalator firm, Kone, admitted on March 17, 2004 that it had engaged in anti-competitive activities at its subsidiaries in Germany, Belgium and Luxembourg by fixing prices. Kone carried out an internal audit after European Union (EU) competition authorities raided the company's offices as well as the premises of its competitors in January while investigating a suspected Europe-wide cartel in the elevator and escalator market. The Finnish group said in a statement that it had "taken immediate measures to stop anything that could potentially be considered as anti-competitive behavior," adding it was "fully responsive and co-operative" with the European Commission's investigation.

33. Plaintiffs, in the exercise of reasonable diligence, could not have uncovered the violations set forth in this Complaint at any earlier time because of defendants' efforts to conceal the unlawful activity from detection. Moreover, while plaintiffs have diligently sought to protect itself from unlawful activity, plaintiff was unable to detect the secret activity, which by its nature is self-concealing, until it was disclosed publicly. Accordingly, the statute of limitations has been tolled and suspended with respect to any and all claims arising from the conspiracy until not earlier than February 2004.

34. Defendants and their co-conspirators actively, intentionally and fraudulently concealed the existence of the conspiracy from plaintiff by one or more of the following affirmative acts, including the acts in furtherance of the conspiracy:

(a) Secret meetings and phone calls in which prices and bids were discussed and agreed;

(b) Instructing participants at meetings of the conspiracy not to maintain and/or destroy records of the meeting;

(c) Instructing participants at meetings of the conspiracy to give inaccurate and untrue information to government investigators about the nature of the anti-competitive activity;

(d) Instructing members of the conspiracy not to divulge the existence of the conspiracy to others not in the conspiracy;

(e) Confirming the anti-competitive, unlawful plan to a small number of people and key officials at each defendant company and misrepresenting the reasons for unlawful conduct to their own employees;

(f) Avoiding either references in documents, or the creation of documents otherwise created in the ordinary course of defendants' and co-conspirators' businesses, regarding conduct which would constitute an antitrust violation or anti-competitive act;

(g) Participating in secret meetings and conversations to monitor and enforce adherence to the conspiracy; and

(h) Falsely representing that prices were fair and competitive.

## CLAIM FOR RELIEF

## For Violation of 15 U.S.C. §1

33.     Plaintiffs reallege and incorporate each and every allegation set forth above as if fully written herein.

34.     From a date unknown, but at least from January 2000 and continuing through January 28, 2004, defendants and their co-conspirators have combined, conspired and/or contracted to restrain interstate trade in violation of 15 U.S.C. §1.

35.     Furtherance of the unlawful conspiracy, each of the defendants and their co-conspirators has committed overt acts, including, *inter alia*:

(a)     Participating in meetings and conversations in Europe and the United States to discuss the prices of elevators sold in the United States and elsewhere;

(b)     Agreeing, during those meetings and conversations, to charge prices at certain levels and otherwise increase or maintain prices of elevators sold in the United States and elsewhere;

(c)     Agreeing in advance on bid prices and bid winners for elevator sales contracts, and for contracts for the provision of elevator maintenance and repair services; and

(d)     Discussing and exchanging prices quotations to certain customers so as not to undercut the price of the competitor.

36.     As a direct and proximate result of the conspiracy, defendants have restrained competition and injured plaintiffs and each Class member in their business and property in that each has paid a higher price for elevators or elevator maintenance and repair services than it would have paid absent the concerted unlawful activity.

37. The conduct of defendants and their co-conspirators constitutes a *per se* violation of §1 of the Sherman Act 15 U.S.C. §1.

38. In the alternative, the conduct of defendants and their co-conspirators and constitutes an unreasonable restraint of trade in violation of §1 of the Sherman Act 15 U.S.C. §1.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves and all other similarly situated respectfully request:

A. That the Court certify a class pursuant to Federal Rule of Civil procedure 23(b);

B. That the unlawful combination and conspiracy alleged herein be adjudicated and decreed a *per se* violation or, in the alternative, a rule of reason violation, under §1 of the Sherman Act, 15 U.S.C. §1;

C. That plaintiffs and the Class recover damages against each defendant, jointly and severally, in an amount to be trebled in accordance with the antitrust laws pursuant to 15 U.S.C. §15;

D. That plaintiffs and the Class be awarded their expenses and costs of suit including reasonable attorneys' fees to the extent provided by law;

E. That plaintiffs and the Class be awarded pre-judgment and post-judgment interest at the highest legal rate from and after the date of service of this Complaint to the extent provided by law;

F. That this Court permanently enjoin all continuing and future unlawful activity by defendants in violation of the antitrust laws; and

G. That plaintiffs and the Class be awarded such additional relief as the Court may deem proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: November 1, 2004

By:_____/s_____
 Fred T. Isquith (FI 6782)
 Mary Jane Fait (ME 1434)
 Alexander H. Schmidt (AS 8304)
 **Wolf Haldenstein Adler Freeman
  & Herz LLP**
 270 Madison Avenue
 New York, New York  10016
 (212) 545-4600

 Mary Jane Fait
 **Wolf Haldenstein Adler Freeman
  & Herz LLC**
 656 West Randolph Street
 Suite 500 W
 Chicago, Illinois  60661

 Mark Solomon
 Bonny E. Sweeney
 Christopher M. Burke
 William J. Doyle II
 David W. Mitchell
 *All Admitted Pro Hac Vice*
 **Lerach Coughlin Stoia
  & Robbins LLP**
 401 B Street Suite 1700
 San Diego, California  92101
 (619) 231-1058

 *Interim Co-Lead Counsel for Plaintiffs*

**Additional Plaintiffs Counsel**

| | |
|---|---|
| Joe R. Whatley, Jr.<br>Glenn M. Connor<br>Richard P. Rouco<br>WHATLEY DRAKE, LLC<br>2323 2nd Avenue, North<br>P.O. Box 10647<br>Birmingham, Alabama  35203-0647<br>Telephone:  (205) 328-9576<br>Facsimile:  (205) 328-9669<br>*Counsel for Plaintiff Birmingham Building Trades Towers, Inc.* | Nadeem Faruqi<br>Antonio Vozzolo<br>Beth Ann Keller<br>FARUQI & FARUQI, LLP<br>320 East 39th Street<br>New York, New York  10016<br>Telephone:  (212) 983-9330<br>Facsimile:  (212) 983-9331<br>*Counsel for Plaintiff Birmingham Building Trades Towers, Inc.* |
| James G. Stranch, III<br>C. Dewey Branstetter<br>J. Gerard Stranch<br>BRANSTETTER, KILGORE, STRANCH & JENNINGS<br>227 Second Avenue, North – 4th Floor<br>Nashville, Tennessee  37201-1631<br>Telephone:  (615) 254-8801<br>Facsimile:  (615) 255-5419<br>*Counsel for Plaintiff D.F. Chase, Inc.* | Daniel L. Rottinghaus<br>Jeffrey B. Cereghino<br>Steven R. Weinman<br>BERDING & WEIL, LLP<br>3420 Stone Valley Road West<br>Alamo, California  94507<br>Telephone:  (925) 838-2090<br>Facsimile:  (925) 820-5592<br>*Counsel for Plaintiff Olen Commercial Realty Corporation* |
| Jeffrey H. Lowenthal<br>STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP<br>One California Street, Third Floor, Suite 300<br>San Francisco, California 94111<br>Telephone:  (415) 421-3400<br>Facsimile:  (415) 421-2234<br>*Counsel for Plaintiffs Mountain Bay Construction, Inc. and 435 Pacific Inc.* | Curtis Victor Trinko<br>LAW OFFICES OF CURTIS V. TRINKO, LLP<br>16 West 46th Street, Seventh Floor<br>New York, New York  10036<br>Telephone:  (212) 490-9550<br>Facsimile:  (212) 986-0158<br>*Counsel for Plaintiffs Mountain Bay Construction, Inc. and 435 Pacific Inc.* |
| Lester L. Levy, Sr.<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, New York  10022<br>Telephone:  (212) 759-4600<br>Facsimile:  (212) 486-2093<br>*Counsel for Plaintiffs Towers of Coral Springs, Ltd., 181 Maple Avenue Associates, and Lenox Road Associates* | Ann D. White<br>Jayne A. Goldstein<br>MAGER WHITE & GOLDSTEIN LLP<br>One Pitcairn Place<br>165 Township Line Road<br>Jenkintown, Pennsylvania  19046<br>Telephone:  (215) 481-0273<br>Facsimile:  (215) 481-0271<br>*Counsel for Plaintiff Towers of Coral Springs, Ltd.* |

| | |
|---|---|
| Brian J. Robbins<br>ROBBINS UMEDA & FINK, LLP<br>1010 Second Avenue, Suite 2360<br>San Diego, California 92101<br>Telephone: (619) 525-3990<br>Facsimile: (619) 525-3991<br>*Counsel for Plaintiff Birmingham Building Trades Towers, Inc.* | |

## CERTIFICATE OF SERVICE

I, Alexander H. Schmidt, hereby certify that on this 1st day of November, 2004, I have caused a true copy of the foregoing Consolidated Amended Class Action Complaint to be delivered by overnight mail to the defendants and defense counsel listed on the following page.

/s<br>Alexander H. Schmidt

| | |
|---|---|
| Deborah M. Buell<br>CLEARY GOTTLIEB STEEN & HAMILTON<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br>*Counsel for Defendants Otis Elevator Co. and United Technologies Corp.* | Pat M. McDermott<br>Mark Leddy<br>CLEARY, GOTTLIEB, STEEN & HAMILTON<br>2000 Pennsylvania Avenue, N.W.<br>Suite 9000<br>Washington, D.C. 20006<br>Telephone: (202) 974-1500<br>Facsimile: (202) 974-1999<br>*Counsel for Defendants Otis Elevator Co. and United Technologies Corp.* |
| Allan Paul Victor<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>*Counsel for Defendants Thyssen Elevator Capital Corporation, Thyssenkrupp Elevator Capital Corporation, and Thyssenkrup Elevator Corporation* | *Thyssenkrupp AG*<br>*Thyssenkrupp Elevator AG*<br>Attn: Legal Department<br>August-Thyssen-Strasse 1<br>40221<br>Dusseldorf, GERMANY |
| Kenneth M. Kramer<br>SHEARMAN & STERLING<br>599 Lexington Avenue<br>New York, New York 10022-6069<br>Telephone: (212) 848-4900<br>Facsimile: (212) 848-7179<br>*Counsel for Defendant Schindler Elevator Corporation* | Stewart M. Gisser<br>Associate General Counsel<br>SCHINDLER ELEVATOR CORPORATION<br>20 Whippany Road<br>Morristown, New Jersey 07960-1935<br>Telephone: (973) 397-6580<br>Facsimile: (973) 397-6574<br>*Counsel for Defendant Schindler Elevator Corporation* |
| Michael Evan Jaffe<br>THELEN REID & PRIEST LLP<br>701 Pennsylvania Avenue, N.W.<br>Suite 800<br>Washington, D.C. 20004<br>Telephone: (202) 508-4000<br>Facsimile: (202) 508-4321<br>*Counsel for Defendants Kone Inc. and Kone Corp.* | *Schindler Holding, Ltd.*<br>Attn: Legal Department<br>Seestrasse 55<br>CH-6052 Hergiswil<br>Nidwalden, SWITZERLAND |

380209