# EXHIBIT 5

Dockets.Justia.com

1

```
51dftrac                    CONFERENCE
 1    UNITED STATES DISTRICT COURT
 1    SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x
 2
 3    TRANSHORN, LTD.,
 3
 4                    Plaintiff,
 4
 5            v.                        04 CIV 1178
 5
 6    UNITED TECHNOLOGIES
 6    CORPORATION, et al.,,
 7
 7                    Defendants.
 8
 8    ------------------------------x
 9
 9                                    January 13, 2005
10                                    3:40 p.m.
10
11    Before:
11
12                    HON. THOMAS P. GRIESA,
12
13                                    District Judge
13
14                    APPEARANCES
14
15    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
15         Attorneys for Plaintiffs
16    BY:  FRED T. ISQUITH and ALEXANDER H. SCHMIDT
16
17    LERACH COUGHLIN STOIA & ROBBINS LLP
17         Attorneys for Plaintiffs
18    BY: MARK SOLOMON
18
19    STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH, LLP
19         Attorneys for Plaintiffs
20    BY:  ALLAN STEYER
20
21    LOCKRIDGE GRINDAL NAUEN PLLP
21         Attorneys  for Plaintiffs
22    BY:  W. JOSEPH BRUCKNER
22
23    LAW OFFICES OF BERNARD M. GROSS, PC
23         Attorneys for Plaintiffs
24    BY:  WARREN RUBIN
24
25
```

```
                                                                    2
       51dftrac                    CONFERENCE
  1    APPEARANCES (Continued)
  2    KOHN SWIFT & GRAF PC
  2        Attorneys  for Plaintiffs
  3    BY:  JOSEPH C. KOHN
  3
  4    BRANSTETTER, KILGORE, STRANCH & JENNINGS
  4        Attorneys for Plaintiff
  5    BY:  J. GERARD STRANCH, IV
  5
  6    CLEARY, GOTTLIEB, STEEN & HAMILTON
  6        Attorneys for Defendant Otis Elevator and United
  7    Technologies
  7    BY: MARK LEDDY
  8
  8
  9    SHEARMAN & STERLING, LLP
  9        Attorneys for Defendants Schindler
 10    BY:  KENNETH M. KRAMER
 10
 11    THELEN REID & PRIEST LLP
 11        Attorneys  for Defendants Kone, Inc. and Kone Corp.
 12    BY:  MICHAEL EVAN JAFFE and GERALD ZINGONE
 12
 13    WEIL, GOTSHAL & MANGES LLP
 13        Attorneys for Defendants THYSSEN
 14    BY:  CHRISTOPHER V. ROBERTS and SCOTT MARTIN
 14
 15    GIBBONS, DEL DEO, DOLAN, GRIFFINER & VECCHIONE
 15        Attorneys  for Defendants THYSSENKRUPP AG
 16    BY:  TERRY MYERS and THOMAS R. VALEN
 16
 17
 18
 19
 20
 21
 22
 23
 24
 25
```

3

51dftrac                    CONFERENCE
1              THE COURT:  To what do I owe the pleasure of your
2    company?  There is a lot of company here.
3              MR. ISQUITH:  Your Honor, would you --
4              THE COURT:  Who wants to speak?
5              MR. ISQUITH:  Fred Isquith from the Wolf Haldenstein
6    firm representing plaintiffs.
7              THE COURT:  From where?
8              MR. ISQUITH:  Wolf Haldenstein in New York City.  You
9    appointed our firm, along with the Lerach Coughlin Stoia &
10   Robbins firm from San Diego as co-lead counsel.  This is my
11   partner, Alex Schmidt.
12             We are here in part because your Honor has asked us to
13   be here, but in part because after 11 months we thought that
14   it's time to get the case started and organized and moving.
15             THE COURT:  Okay.
16             MR. ISQUITH:  It has been sent to your Honor, although
17   the first cases started here, our case started here.  There
18   were cases filed in various districts around the country, and
19   the judicial panel on multi district litigation transferred all
20   those cases to your Honor and consolidated them for pretrial
21   purposes only a few weeks ago.
22             In the meantime, and prior to that an amended
23   complaint was filed in this district under.  Your Honor's
24   orders, the other complaints are incorporated and brought
25   within.

4

51dftrac                    CONFERENCE
1              THE COURT:  What's the case about?
2              MR. ISQUITH:  Thank you, your Honor.
3              This is a case, an antitrust case.  It deals with a
4    price fixing conspiracy within the elevator industry, elevators
5    and moving stairways and things like that, escalators and the
6    rest.  The defendants are the four or five major suppliers of
7    elevators, their parts and services.
8              THE COURT:  Are they domestic companies?
9              MR. ISQUITH:  Some are and some are not.
10             THE COURT:  Who are the companies?
11             MR. ISQUITH:  I'm going to forget this.
12             MR. SOLOMON:  Your Honor, Otis Elevators, which is a
13   subsidiary of United Technologies, Tycon Group, Kone and
14   Schindler and various related European affiliates.
15             THE COURT:  There is a Japanese company, is that in
16   it?
17             MR. LEDDY:  Your Honor, there are several Japanese
18   companies who make elevators.  One is Fuji Tech, is not a
19   defendant in this case.
20             THE COURT:  The defendants are American and European
21   companies?
22             MR. SOLOMON:  That's correct, your Honor.
23             THE COURT:  All right.  Thank you.
24             So, what did they do?
25             MR. ISQUITH:  Well, essentially, your Honor, what we
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

5

51dftrac                    CONFERENCE
1    charge and what investigations by government authorities have
2    tended to show, at least at the moment, is that they agreed to
3    set prices among themselves.
4             THE COURT:  Did the Government bring any proceedings?
5             MR. ISQUITH:  The United States government has not
6    brought a proceeding at this moment, although we do -- I don't
7    know if there is an investigation or not.  I shouldn't say more
8    than that.
9             THE COURT:  All right.  Well, there is price fixing
10   and price fixing, so what do you say went on?
11            MR. ISQUITH:  What the complaint charges, there is --
12   I don't know if there is price fixing and there is price
13   fixing, but there is certainly -- when there are agreements
14   among competitors to set prices or markets, we believe that is
15   a violation.
16            THE COURT:  What form did the agreements take?
17            MR. ISQUITH:  In what sense, your Honor?
18            THE COURT:  I mean, did they get together at trade
19   fairs or did that -- what did they do?  Or was it conscious
20   parallelism or whatever that is.
21            MR. ISQUITH:  No.  We charge that there were actual
22   agreements transmitted word for word, whether that was
23   orally -- well, we don't expect that we are going to find a
24   smoking gun document signed and sealed by everybody if that's
25   what you mean.

6

51dftrac                          CONFERENCE
 1              THE COURT:  Well, what do you have?
 2              MR. ISQUITH:  What we have is a charge in the European
 3     Antitrust Commission of particular price fixing and bid
 4     rigging.
 5              THE COURT:  No.  Look, can you be more specific?  An
 6     antitrust case has got to have some specifics, doesn't it?  So
 7     what are your specifics?
 8              You say the president of one company met with the
 9     other company and divided up the market or --
10              MR. ISQUITH:  No, I wouldn't want to go that far, your
11     Honor.  I don't know those kinds of specifics, if you are
12     asking me when, where and when those conferences took place.
13              THE COURT:  What's the basis for your complaint?
14              MR. ISQUITH:  The basis of our complaint, that is why
15     we brought it, what is our good faith basis for the complaint?
16              THE COURT:  Right.
17              MR. ISQUITH:  Is an investigation and report in Europe
18     by the European Commission.
19              THE COURT:  That doesn't mean much.  What do you say
20     happened?
21              MR. ISQUITH:  Your Honor, what we --
22              THE COURT:  Maybe you have read the investigation.  Is
23     there an investigation to read?
24              MR. SOLOMON:  Your Honor, if I may interrupt.
25              MR. ISQUITH:  Please.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300

7

51dftrac                    CONFERENCE
1           MR. SOLOMON:  Be of assistance, hopefully.
2           In Europe, there is not a public document that details
3    the investigation.  What we know is that the investigation is
4    ongoing.  What we know is that two of the defendants have
5    admitted to antitrust violations in certain locations.  What we
6    know is --
7           THE COURT:  And where did that do that admitting?
8           MR. SOLOMON:  The admissions have come with respect to
9    Belgium and Germany.  We don't expect the conspiracy was
10   limited to Belgium and Germany.
11          THE COURT:  What was admitted?
12          MR. SOLOMON:  Otis and Kone --
13          THE COURT:  I guess I don't have those names.
14          MR. SOLOMON:  Otis, which is a subsidiary of United
15   Technologies and Kone.
16          THE COURT:  How do you spell it?
17          MR. SOLOMON:  K-o-n-e.
18          THE COURT:  Is that a foreign company?
19          MR. SOLOMON:  That's correct, your Honor.
20          THE COURT:  Okay.  Where is Kone located?
21          MR. SOLOMON:  Kone is located both here with its U.S.
22   subsidiary and also, I believe, it's Finnish.
23          MR. LEDDY:  It's a Finnish company, your Honor.  Your
24   Honor, may I just intervene for one moment.
25          THE COURT:  Yes.  Are you --
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300