# EXHIBIT 5

Dockets.Justia.com

```
                                                              1
     51dftrac                    CONFERENCE
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   TRANSHORN, LTD.,
 3
 4                 Plaintiff,
 4
 5        v.                            04 CIV 1178
 5
 6   UNITED TECHNOLOGIES
 6   CORPORATION, et al.,,
 7
 7                 Defendants.
 8
 8   ------------------------------x
 9
 9                                January 13, 2005
10                                3:40 p.m.
10
11   Before:
11
12                   HON. THOMAS P. GRIESA,
12
13                                District Judge
13
14                   APPEARANCES
14
15   WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
15        Attorneys for Plaintiffs
16   BY:  FRED T. ISQUITH and ALEXANDER H. SCHMIDT
16
17   LERACH COUGHLIN STOIA & ROBBINS LLP
17        Attorneys for Plaintiffs
18   BY: MARK SOLOMON
18
19   STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH, LLP
19        Attorneys for Plaintiffs
20   BY:  ALLAN STEYER
20
21   LOCKRIDGE GRINDAL NAUEN PLLP
21        Attorneys  for Plaintiffs
22   BY:  W. JOSEPH BRUCKNER
22
23   LAW OFFICES OF BERNARD M. GROSS, PC
23        Attorneys for Plaintiffs
24   BY:  WARREN RUBIN
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

2

```
51dftrac                    CONFERENCE
 1   APPEARANCES (Continued)
 2   KOHN SWIFT & GRAF PC
 2        Attorneys  for Plaintiffs
 3   BY:  JOSEPH C. KOHN
 3
 4   BRANSTETTER, KILGORE, STRANCH & JENNINGS
 4        Attorneys for Plaintiff
 5   BY:  J. GERARD STRANCH, IV
 5
 6   CLEARY, GOTTLIEB, STEEN & HAMILTON
 6        Attorneys for Defendant Otis Elevator and United
 7   Technologies
 7   BY: MARK LEDDY
 8
 8
 9   SHEARMAN & STERLING, LLP
 9        Attorneys for Defendants Schindler
10   BY:  KENNETH M. KRAMER
10
11   THELEN REID & PRIEST LLP
11        Attorneys  for Defendants Kone, Inc. and Kone Corp.
12   BY:  MICHAEL EVAN JAFFE and GERALD ZINGONE
12
13   WEIL, GOTSHAL & MANGES LLP
13        Attorneys for Defendants THYSSEN
14   BY:  CHRISTOPHER V. ROBERTS and SCOTT MARTIN
14
15   GIBBONS, DEL DEO, DOLAN, GRIFFINER & VECCHIONE
15        Attorneys  for Defendants THYSSENKRUPP AG
16   BY:  TERRY MYERS and THOMAS R. VALEN
16
17
18
19
20
21
22
23
24
25
```

3

51dftrac                    CONFERENCE
1              THE COURT:  To what do I owe the pleasure of your
2     company?  There is a lot of company here.
3              MR. ISQUITH:  Your Honor, would you --
4              THE COURT:  Who wants to speak?
5              MR. ISQUITH:  Fred Isquith from the Wolf Haldenstein
6     firm representing plaintiffs.
7              THE COURT:  From where?
8              MR. ISQUITH:  Wolf Haldenstein in New York City.  You
9     appointed our firm, along with the Lerach Coughlin Stoia &
10    Robbins firm from San Diego as co-lead counsel.  This is my
11    partner, Alex Schmidt.
12             We are here in part because your Honor has asked us to
13    be here, but in part because after 11 months we thought that
14    it's time to get the case started and organized and moving.
15             THE COURT:  Okay.
16             MR. ISQUITH:  It has been sent to your Honor, although
17    the first cases started here, our case started here.  There
18    were cases filed in various districts around the country, and
19    the judicial panel on multi district litigation transferred all
20    those cases to your Honor and consolidated them for pretrial
21    purposes only a few weeks ago.
22             In the meantime, and prior to that an amended
23    complaint was filed in this district under.  Your Honor's
24    orders, the other complaints are incorporated and brought
25    within.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

4

51dftrac                    CONFERENCE
 1                THE COURT:  What's the case about?
 2                MR. ISQUITH:  Thank you, your Honor.
 3                This is a case, an antitrust case.  It deals with a
 4      price fixing conspiracy within the elevator industry, elevators
 5      and moving stairways and things like that, escalators and the
 6      rest.  The defendants are the four or five major suppliers of
 7      elevators, their parts and services.
 8                THE COURT:  Are they domestic companies?
 9                MR. ISQUITH:  Some are and some are not.
10                THE COURT:  Who are the companies?
11                MR. ISQUITH:  I'm going to forget this.
12                MR. SOLOMON:  Your Honor, Otis Elevators, which is a
13      subsidiary of United Technologies, Tycon Group, Kone and
14      Schindler and various related European affiliates.
15                THE COURT:  There is a Japanese company, is that in
16      it?
17                MR. LEDDY:  Your Honor, there are several Japanese
18      companies who make elevators.  One is Fuji Tech, is not a
19      defendant in this case.
20                THE COURT:  The defendants are American and European
21      companies?
22                MR. SOLOMON:  That's correct, your Honor.
23                THE COURT:  All right.  Thank you.
24                So, what did they do?
25                MR. ISQUITH:  Well, essentially, your Honor, what we
                        SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300

5

51dftrac                    CONFERENCE
1  charge and what investigations by government authorities have
2  tended to show, at least at the moment, is that they agreed to
3  set prices among themselves.
4          THE COURT:  Did the Government bring any proceedings?
5          MR. ISQUITH:  The United States government has not
6  brought a proceeding at this moment, although we do -- I don't
7  know if there is an investigation or not.  I shouldn't say more
8  than that.
9          THE COURT:  All right.  Well, there is price fixing
10 and price fixing, so what do you say went on?
11         MR. ISQUITH:  What the complaint charges, there is --
12 I don't know if there is price fixing and there is price
13 fixing, but there is certainly -- when there are agreements
14 among competitors to set prices or markets, we believe that is
15 a violation.
16         THE COURT:  What form did the agreements take?
17         MR. ISQUITH:  In what sense, your Honor?
18         THE COURT:  I mean, did they get together at trade
19 fairs or did that -- what did they do?  Or was it conscious
20 parallelism or whatever that is.
21         MR. ISQUITH:  No.  We charge that there were actual
22 agreements transmitted word for word, whether that was
23 orally -- well, we don't expect that we are going to find a
24 smoking gun document signed and sealed by everybody if that's
25 what you mean.

6

51dftrac                    CONFERENCE
1          THE COURT:  Well, what do you have?
2          MR. ISQUITH:  What we have is a charge in the European
3     Antitrust Commission of particular price fixing and bid
4     rigging.
5          THE COURT:  No.  Look, can you be more specific?  An
6     antitrust case has got to have some specifics, doesn't it?  So
7     what are your specifics?
8          You say the president of one company met with the
9     other company and divided up the market or --
10         MR. ISQUITH:  No, I wouldn't want to go that far, your
11    Honor.  I don't know those kinds of specifics, if you are
12    asking me when, where and when those conferences took place.
13         THE COURT:  What's the basis for your complaint?
14         MR. ISQUITH:  The basis of our complaint, that is why
15    we brought it, what is our good faith basis for the complaint?
16         THE COURT:  Right.
17         MR. ISQUITH:  Is an investigation and report in Europe
18    by the European Commission.
19         THE COURT:  That doesn't mean much.  What do you say
20    happened?
21         MR. ISQUITH:  Your Honor, what we --
22         THE COURT:  Maybe you have read the investigation.  Is
23    there an investigation to read?
24         MR. SOLOMON:  Your Honor, if I may interrupt.
25         MR. ISQUITH:  Please.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

7

51dftrac                    CONFERENCE

1            MR. SOLOMON:  Be of assistance, hopefully.
2            In Europe, there is not a public document that details
3    the investigation.  What we know is that the investigation is
4    ongoing.  What we know is that two of the defendants have
5    admitted to antitrust violations in certain locations.  What we
6    know is --
7            THE COURT:  And where did that do that admitting?
8            MR. SOLOMON:  The admissions have come with respect to
9    Belgium and Germany.  We don't expect the conspiracy was
10   limited to Belgium and Germany.
11           THE COURT:  What was admitted?
12           MR. SOLOMON:  Otis and Kone --
13           THE COURT:  I guess I don't have those names.
14           MR. SOLOMON:  Otis, which is a subsidiary of United
15   Technologies and Kone.
16           THE COURT:  How do you spell it?
17           MR. SOLOMON:  K-o-n-e.
18           THE COURT:  Is that a foreign company?
19           MR. SOLOMON:  That's correct, your Honor.
20           THE COURT:  Okay.  Where is Kone located?
21           MR. SOLOMON:  Kone is located both here with its U.S.
22   subsidiary and also, I believe, it's Finnish.
23           MR. LEDDY:  It's a Finnish company, your Honor.  Your
24   Honor, may I just intervene for one moment.
25           THE COURT:  Yes.  Are you --

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

51dftrac                    CONFERENCE
1               MR. LEDDY:  I'm Mr. Leddy, your Honor, from Cleary
2    Gottlieb.
3               I represent Otis and UTC.  Your Honor, there are no
4    charges yet in Europe.  There is an investigation in Europe.
5    Several of the companies have publicly stated, pursuant to
6    their SEC requirements, that there may be violations on a local
7    level in several countries in Europe.  The investigation is
8    ongoing, your Honor, and has nothing to do with the United
9    States.
10              Thank you, your Honor.
11              MR. SOLOMON:  And, your Honor, these companies
12   operate, obviously both in Europe and through affiliated
13   entities in the U.S.A.  Our collective clients are purchasers
14   either of elevators or of services who believe that when the
15   bids have been arranged with respect to certain of the lists
16   that were sold, certain service contracts that were sold that
17   the bids were rigged.  That as a result there is unexplained
18   parallelism.  If not, there are circumstances in which the
19   higher bid inexplicably will get to contract as opposed to the
20   lowest bid.
21              It appears from both our collective clients
22   experience, the European experience, and I would suggest at
23   least at this stage common sense in this industry, that the
24   practices are widespread.  Otis doesn't come very easily to an
25   admission of antitrust violations.  It has done so, because I

9

51dftrac                    CONFERENCE
1  assume the violations in those locations are crystal clear.  I
2  think it's common sense that if there are violations in those
3  areas that Otis has admitted or United Technologies has
4  admitted in its 10Q, that if there is an adverse commission
5  finding it will likely materially affect its financial results.
6            THE COURT:  If there is.
7            MR. SOLOMON:  If there is.
8            THE COURT:  Is it an if?
9            MR. SOLOMON:  Yes, the investigation continues.
10  Notwithstanding that, in the middle of the investigations
11  admission have been made.
12            THE COURT:  Who are the plaintiffs?
13            MR. SOLOMON:  In the European community, your Honor,
14  there is, as far as I know, no private litigation.  That is a
15  government investigation.
16            THE COURT:  Wait a minute.  Who are the plaintiffs,
17  building owners or what?
18            MR. SOLOMON:  Here they are both building owners.  In
19  respect to Mr. Isquith's clients they are the owners of some
20  50,000 residential units in high rises in the New York City
21  area.  There are representative plaintiffs from all over the
22  country, some of whom are represented by counsel here to my
23  right.  Typically, they tend to be either developers or
24  building owners.
25            THE COURT:  So, where does the litigation stand now?
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

10

51dftrac                        CONFERENCE
1           MR. SOLOMON:  It presently stands that we need to make
2      sure that all of the cases that were filed in Philadelphia and
3      elsewhere are consolidated into these proceedings.  We would
4      propose that we should file a consolidated complaint.  We would
5      also propose that a schedule be put in place for Rule 26(f),
6      Rule 26 meeting, I should say, so that discovery can begin.
7           THE COURT:  There hasn't, discovery has not begun.
8           MR. SOLOMON:  There has been no Rule 26 meeting
9      because the defendants took the view, perhaps not unreasonably,
10     that they wanted the MDL proceeding to be finalized before we
11     went to that stage.
12          THE COURT:  Well, now, who is going to -- when
13     discovery gets started, who is going to participate in the
14     discovery?  Everybody here will be sitting around a deposition
15     room or what?
16          MR. SOLOMON:  Well, I -- first of all, your Honor, you
17     have signed off on the leadership structure in this case, and
18     we have agreements with the other counsel, many of whom are to
19     my right, to participate in that leadership structure and help
20     us with the case.  We are not looking to for double effort.  We
21     are looking for streamlining and efficiency.
22          I certainly will be a principal player in the
23     litigation as will Mr. Isquith.  Some of the counsel on my
24     right will certainly be involved.  I imagine the defense
25     counsel, all of whom are behind me, will be significantly

```
     51dftrac                    CONFERENCE
 1   involved.
 2            THE COURT:  What discovery is going to take place?
 3   What are you going to do?
 4            MR. SOLOMON:  It's going to be a function to some
 5   extent of what assaults the defendants put in place on the
 6   complaint.  I would believe there will be some jurisdictional
 7   disputes.  To that the extent, there may well be jurisdictional
 8   discovery we will be seeking.  Most importantly we'll be
 9   looking for the substantive discovery, discovery of the
10   arrangements whereby the defendants behind me bid on contracts,
11   the arrangements.
12            THE COURT:  So how are you going to get that
13   discovery?  What will it take.  What form will it take?
14            MR. SOLOMON:  Well, we have sent the defendants, prior
15   to the MDL just for their consideration, drafts of our document
16   requests that after a 26(f) conference or 26 conference, after
17   initial disclosures we would be seeking from the company.  They
18   have in their possession drafts of those discovery requests.
19            If we are able to get sufficient discovery, we will
20   then move either at the same time or shortly there afterwards
21   for depositions, your Honor.
22            MR. LEDDY:  Your Honor, may I address the issue of the
23   discovery schedule?
24            THE COURT:  Sure.
25            MR. LEDDY:  Your Honor, we have been trying to find
```

51dftrac                    CONFERENCE
 1  out what this case is all about for sometime now as well.
 2              Just a few minutes on background, your Honor.
 3              The European Commission announced in late January of
 4  last year, January 29th, via a press release that they were
 5  conducting an investigation of the elevator escalator industry
 6  in certain countries in UPS.  Ten business days later, your
 7  Honor, in this court a London building owner filed an
 8  allegation.
 9              THE COURT:  What happened ten days later?
10              MR. LEDDY:  The first complaint in this case was
11  filed, your Honor, by a London building owner by the name of
12  Transitorn.  I believe it's Mr. Isquith's client -- I'm sorry,
13  Mr. Solomon's client.  Ten days after the press release, your
14  Honor, this complaint is filed and it alleges on behalf of all
15  customers worldwide an allegation of price fixing in this
16  industry, in effect an internationally worldwide cartel.
17              There is not one specific allegation to support that
18  charge about this industry in that complaint.  It simply says,
19  in completely conclusory fashion, they met, they talked, they
20  agreed on price; that's all that's in that complaint, but for a
21  reference to the press release.
22              Over the next number of months, 25 more class actions
23  are filed, your Honor, almost identical.  Some contain the same
24  typos of predecessor complaints and now we are before the Court
25  and we would like, your Honor, to ask that no discovery take
                     SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

13

51dftrac                          CONFERENCE
1   place in this case until we file dispositive motions.  We think
2   there is a serious question, your Honor, under Rule 12(b)(6),
3   and we'll be filing a 12(b)(6) motion.
4            THE COURT:  Look, look, look.  If the complaint is as
5   barren as you say, we don't need motions.
6            Can I see a copy of the complaint, see what you are
7   talking about?
8            MR. LEDDY:  Yes, your Honor.  The amended, the
9   consolidated.
10           THE COURT:  Can you help me out?  Where are the
11  allegations of wrongdoing?
12           MR. LEDDY:  The allegations of wrongdoing, your Honor,
13  are contained in a number of paragraphs.  Page ten, your Honor.
14  Paragraph 28, your Honor.
15           THE COURT:  All right.  Except for a few things in
16  paragraphs 30 to 33, it looks like a form book.
17           MR. LEDDY:  That is to be our view as well, your
18  Honor.
19           THE COURT:  It looks like a form book.  And you don't
20  sue a lot of people and cause companies to spend a lot of money
21  defending cases when there is no more than this.
22           And there is no reason for any motion.  The complaint
23  is unacceptable, will have to be revised to be more specific
24  and until it is, there will be no more meetings, there will be
25  no more need for anybody to incur legal expenses.  And it may
                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

14

51dftrac                    CONFERENCE
1    be that the legal expenses incurred thus far by the defendants
2    will be imposed upon the plaintiffs and their counsel.
3             There should have been no such complaint filed.
4             That's the end of this meeting.  And there will be no
5    more of this kind of pleading and, if there is, there will
6    definitely be sanctions.
7             Thank you.
8                                    oOo
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List and all parties on the attached service list.

s/Fred Taylor Isquith
FRED TAYLOR ISQUITH

WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ, LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
212/545-4653 (fax)
E-mail: isquith@whafh.com

# Mailing Information for a Case 1:04-cv-01178-TPG

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Leah Brannon**
  lbrannon@cgsh.com
- **Deborah M. Buell**
  maofiling@cgsh.com
- **Mary Jane Fait**
  fait@whafh.com
- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com
- **Frederick Taylor Isquith, Sr**
  isquith@whafh.com
- **Beth Ann Keller**
  bkeller@faruqilaw.com
- **Mark Leddy**
  mleddy@cgsh.com
- **Terry Alan Myers**
  tmyers@gibbonslaw.com ckaplan@gibbonslaw.com
- **Alexander H. Schmidt**
  schmidt@whafh.com
- **Curtis Victor Trinko**
  ctrinko@trinko.com
- **Antonio Vozzolo**
  avozzolo@faruqilaw.com
- **Gerald Zingone**
  gzingone@thelenreid.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
435 Pacific, Inc.

Bay Crest Condominium Association
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1700
San Diego
, CA 92101
```

**Nadeem Faruqui**
Faruqui & Frauqi
320 East 39th Street
New York, NY 10017

**Michael E. Jaffe**
Thelen, Reid & Priest, L.L.P.
701 Eight Street, N.W.
Washington, DC 20001

**Mountain Bay Construction, Inc.**

**Stuart M. Saft**
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

ELEVATORS
Service List - 12/20/2005   (04-0073)
Page 1 of 4

**Counsel For Defendant(s)**

Mark  Leddy
Patricia M. McDermott
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
9th Floor
Washington, DC  20006
   202/974-1500
   202/974-1999 (Fax)


Anthony A. Dean
Terry  Myers
Thomas R. Valen
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Pennsylvania Plaza, 37th Floor
New York, NY  10019
   212/649-4700
   212/333-5980 (Fax)


Kenneth M. Kramer
Jerome S. Fortinsky
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-4676
   212/848-4000
   212/848-7179 (Fax)


Veronica Ellen Rendon
Thelen, Reid & Priest, LLP
875 Third Avenue, 10th Floor
New York, NY  10022
   212/603-6748
   212/603-2001 (Fax)


Deborah M. Buell
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY  10006
   212/225-2000
   212/225-3999 (Fax)


Stewart M. Gisser
Associate General Counsel
Schindler Elevator Corporation (Legal
Department)
20 Whippany Road
Morristown, NJ  07960-1935
   973/397-6580
   973/397-6574 (Fax)


Michael E. Jaffee
Thelen, Reid & Priest, LLP
701 Eighth Street, N.W.
Washington, DC  20001
   202/508-4000
   202/508-4321 (Fax)


Michael  Connolly
Thelen, Reid & Priest, LLP
200 Campus Drive, Suite 210
Florham Park, NJ  07932
   973/660-4400
   973/660-4401 (Fax)

ELEVATORS
Service List - 12/20/2005   (04-0073)
Page 2 of 4

Attn: Legal Department
Thyssenkrupp Elevator AG
August-Thyssen-Strassel, 40221
Dusseldorf, Germany,

Robert S. Berezin
Edward  Soto
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, 12th Floor
Miami, FL  33131
   305/577-3215
   305/577-3290 (Fax)

A. Paul Victor
Scott A. Martin
Christopher V. Roberts
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119
   212/310-8000
   212/310-8007 (Fax)

**Counsel For Plaintiff(s)**

Ann D. White
Ann D. White Law Offices, P.C.
165 Township Line Road, Suite 2400
Jenkintown, PA  19046
   215/481-0274
   215/481-0271 (Fax)

Daniel L. Rottinghaus
Jeffrey B. Cereghino
Steven R. Weinmann
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA  94507
   925/838-2090
   925/820-5592 (Fax)

James G. Stranch, III
C. Dewey Branstetter
J. Gerard Stranch, IV
Branstetter, Kilgore, Stranch & Jennings
227 Second Avenue, North, 4th Floor
Nashville, TN  37201-1631
   615/254-8801
   615/255-5419 (Fax)

Nadeem  Faruqi
Antonio  Vozzolo
Beth A. Keller
Faruqi & Faruqi, LLP
320 East 39th Street, 3rd Floor
New York, NY  10016
   212/983-9330
   212/983-9331 (Fax)

ELEVATORS

Service List - 12/20/2005   (04-0073)

Page 3 of 4

Curtis V. Trinko
Law Offices of Curtis V. Trinko LLP
16 West 46th Street, Seventh Floor
New York, NY 10036
　212/490-9550
　212/986-0158 (Fax)

Mark Solomon
Christopher M. Burke
David W. Mitchell
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
　619/231-1058
　619/231-7423 (Fax)

Jayne Arnold Goldstein
Mager & Goldstein LLP
One Liberty Place
1650 Market Street, 21st Floor
Philadelphia, PA 19103
　215/640-3280
　215/640-3281 (Fax)

Brian J. Robbins
Robbins Umeda & Fink, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
　619/525-3990
　619/525-3991 (Fax)

Krishna Narine
Kendall S. Zylstra
Stephen E. Connolly
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087
　610/667-7706
　610/667-7056 (Fax)

Edmund W. Searby III
Scott + Scott, LLC
33 River Street
Chagrin Falls, OH 44022
　440/247-8200
　440/247-8275 (Fax)

Joe R. Whatley, Jr.
Glenn M. Connor
Richard Rouco
Whatley Drake, LLC
2323 Second Ave., North
Birmingham, AL 35203
　205/328-9576
　205/328-9669 (Fax)

Mary Jane Fait
Wolf Haldenstein Adler Freeman & Herz, LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603
　312/984-0000
　312/984-0001 (Fax)

ELEVATORS

Service List - 12/20/2005   (04-0073)

Page 4 of  4

Fred T. Isquith
Stuart M. Saft
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY  10016
   212/545-4600
   212/545-4653 (Fax)